## WATSON v BYERS.

1. An admission by the defendant, upon the presentation of an account to him that part of the account is correct, but without stating what part, and neither admitting or denying the residue, cannot be construed into an admission that the entire account is just; and is of no value for the part admitted, from its uncertainty.

ERROR to the Circuit Court of St. Clair.

Assumpsit by the defendant against the plaintiff in error. Pleas, non-assumpsit, and the statute of limitations.

Upon the trial, the plaintiff introduced a witness to prove the account upon which the action was founded, who testified that he was present when the account was presented to the defendant, who admitted that a part of the account was correct, but did not state what portion of it, and neither admitted or denied, but was silent as to the residue. Whereupon the court charged the jury, that, from the silence of the defendant, they might presume the entire account to be correct: to which the defendant excepted; and which he now assigns for error.

MARTIN & HUNTINGTON, for plaintiff in error, cited 2 Starkie's Ev. 22; Peake's Ev. 19; Bull. N. P. 236.

CHILTON, with whom was Bowdon, for defendant in error, cited 1 S. R. 398; 1 Rep. Con. C. 296; 2 Yeates, 529; 2 Vernon, 276; 2 Atkins, 252; 3 Johns. C. 575; 7 Cranch, 147; 2 Wash. C. C. Rep. 155, 308; 5 Munford, 25; 1 McCord, 384; Greenleaf Ev. 229; 2 Vesey, sen. 239.

ORMOND, J.—It is a familiar principle, laid down by all the writers on the law of evidence, that the silence of one, against whom a claim or right is asserted, may amount to an admission that the claim is just. This rule is founded on that instinct of our nature, which leads us to resist an unfounded demand. There can, therefore, be no doubt, that if one asserts, in the presence and hearing of another, in such a manner as to entitle him to an

50

answer, that he is indebted to him in a certain amount, that his silence will, in law, be an admission that the claim asserted is just. So, if, on the presentation of an account, certain items are objected to, it will be an admission of the residue. [2 M. & S. 265.]

Upon the presentation of the account in this case, the defendants admitted that a portion of the account was correct; but by no fair process of reasoning, can this be construed into an admission that the entire account was just. On the contrary, so far as the justice of the account is to depend on the declarations of the defendant, it is a virtual denial of all that part of the account not admitted.

The admission of the defendant, that a part of the account was correct, could not avail the plaintiff, because of its uncertainty; it could furnish no *data* by which to attain any conclusion, and was, therefore, in itself, of no value as evidence, either as to the uncertain portion of the account admitted to be correct, or that part of it about which the defendant was silent.

Let the judgment be reversed, and the cause remanded.