## WHEAT v. CROOM.

1. Where one is charged with the commission of a trespass upon a slave, in such a manner as to require a denial, or refutation, which the party accused refuses to do, but requires proof of the fact, it is in law an admission of the truth of the charge.
2. In the case of a battery of a slave, the jury may give vindictive damages, and are not confined to the actual loss sustained by the master.

Error to the County Court of Sumter.

Trespass, *vi et armis*, by the defendant against the plaintiff in error, for an assault and battery on a slave, the property of the plaintiff.

Upon the trial, the plaintiff introduced a witness, who proved that he, the witness, had accused the defendant in the presence of the plaintiff, of the commission of the trespass, and that the defendant did not deny it, but replied : " If I whipped the negro, you prove it—I shall not tell you any thing to commit myself." Whereupon the Court charged the jury, that when a man is charged with the commission of a trespass of this character, in the presence of the owner of a slave, and did not promptly deny it, it was presumptive evidence that he was guilty of the charge. Also, that the jury were not to measure the damages by the value of the slave, but might give smart money. To all which the defendant excepted, and which he now assigns for error.

Inge, for plaintiff in error, cited 1 Stewart, 145 ; 3 S. & P. 329.

Greene, contra.

ORMOND, J.—In Watson v. Byers, 6 Ala. 393, we held, " that if one asserted in the presence and hearing of another, in such a manner, as to entitle him to an answer, that he was indebted to him in a certain amount, his silence, would, in law, be an admission, that the claim asserted was just." This rule of evidence rests upon that universal principle of human

conduct, which leads us to repel an unfounded imputation, or claim; and will, in most cases, be as satisfactory testimony upon which to found a verdict, as a direct admission. It will be observed, that the rule is qualified in the above quotation; that the question, or assertion, should be such, as was entitled to an answer, or a refutation. A rude demand, or offensive imputation, might be treated with silent contempt. For authorities on this point, see Batturs v. Sellers, 5 H. & J. 119; Vincent v. Huff, 8 S. & K.; Jackson v. Winchester, 2 Yeates, 529.

We can perceive no reason why this principle should not apply to the present case. The accusation was direct, and appears to have been made in such a way as to demand an answer; the party declined committing himself, and required proof of the fact; and we think the Court did not err, in telling the jury, this was presumptive evidence, that he was guilty of the charge. That this rule applies to such a case as the present, as well as to mere money demands, see State v. Perkins, 3 Hawks. 377.

The measure of damages was not the actual injury sustained by the master in the loss of the service of the slave, but it was competent for the jury to give vindictive damages, or as it is called, smart money. This would be the law, if the injury had been inflicted on a mere chattel—if it had been the horse of the plaintiff, instead of his slave. [Tillotson v. Cheatham, 3 Johns. 56; Woert v. Jenkins, 14, Id. 352.] The slave, although property, is also a moral agent, a sentient being. As such, he is capable of mental, as well as corporal suffering, and for this, as well as for the evil example, vindictive damages, may be given. The master is his natural, as well as legal protector, and may recover for an injury to the slave, considered either as a person or as property, unless the injury is merged in the criminal offence.

Let the judgment be affirmed.