## DAVID EVANS v. A. SCHUYLER MONTGOMERY.

*Contract—Work and labor—Evidence—Instructions to jury.*

1. Where, in a suit to recover for lathing and plastering a dwelling-house, the defendant claims that the work was done for a third party, who had contracted to do the stone masonry, brick work, and lathing and plastering necessary to the erection of the building, evidence on the part of the plaintiff of a conversation with the defendant at the time the contract sued upon is alleged to have been made, in which the plaintiff stated that the contractor already owed him for other work, and that he would not have anything to do with him, is admissible as a part of the *res gestae.*

2. Plaintiff may also testify to a statement made by the wife of defendant in his presence, after the completion of the work, that the money was in the bank to pay for it, and in this connection may show that the premises belonged to the wife, as throwing light upon her interest in the subject.

3. Plaintiff may show that after he began work the specifications attached to the original contract were produced, and he was told by the defendant to do the work according to them, and he should have his pay, and that pursuant thereto he did three-coat instead of two-coat work, which was all he had at first agreed to do.

4. Statements of plaintiff's counsel, made in opening the case to the jury on a former trial, are not admissible on the second trial as admissions binding the plaintiff.

5. An answer of plaintiff to the general question whether, if counsel made such statements, he did not do so because of something witness had told him in regard to the case, is properly excluded.

6. Whether plaintiff may be asked if he did not make a particular statement to his counsel, it not being a privileged communication,—*quaere.*

7. A request for an instruction that the jury "are not authorized to find, except upon clear and convincing proof," etc., is properly modified by inserting, "except upon a fair preponderance of the proof," etc.

8. The court properly refused to instruct the jury that they were

95 MICH.—32.

not to consider whether or not the defendant owed the original contractor, or had paid him in full, on his contract.

Error to Muskegon. (Dickerman, J.) Argued April 6, 1893. Decided May 31, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Bunker & Carpenter,* for appellant.

*Chamberlain & Cross,* for plaintiff.

HOOKER, C. J. A large number of errors are assigned upon this record. The action was *assumpsit* for material furnished and work and labor performed in lathing and plastering a dwelling-house.

The defendant asserts that the work was done for' one John Gilpin, who had contracted to furnish materials, and do the entire work of constructing the building. As a matter of fact, this may have been true, but there was some evidence tending to substantiate plaintiff's claim, which, under the well-settled rule, made it a question for the jury. We cannot agree with defendant's counsel in their claim that there was a mere *scintilla* of evidence.

The second and third assignments of error relate to what was said by plaintiff to defendant about Gilpin's credit, to the effect that he already owed plaintiff, and that he would not have anything to do with him. This talk was at the time that the contract is alleged to have been made, and the testimony was clearly a part of the *res gestæ.*

The first assignment relates to a statement of defendant's wife to the plaintiff, after the completion of the work, —that the money was in the bank to pay for it. This talk was in the presence of the defendant, and his silence

may be said to be a tacit admission of the fact. As such it was admissible. In this connection the testimony that the premises belonged to defendant's wife became material, as throwing light upon her interest in the subject.

Assignments 5 and 7 relate to talk about the specifications. Plaintiff showed that after he began work the specifications were produced, and he was told to do the work according to them, and he should have his pay. He claims to have originally agreed to do two-coat work, and that work of a different character was specified, viz., three-coat work. This evidence was admissible as a part of the contract, it being claimed that, in accordance with defendant's request and promise, made at the time the specifications were discussed, the plaintiff did three-coat work.

On cross-examination of the plaintiff, defendant sought to show statements made by plaintiff's counsel in his opening before the jury upon a former trial, as tending to show that plaintiff there contended for a different state of facts. We know of no case going to the extent of holding that such statements amount to admissions. The witness said he did not know what counsel said, and thereupon was asked the following question:

"If Mr. Cross so stated, wasn't it by reason of something which you had told him in regard to the case?"

We think the answer was properly excluded. Had counsel asked if the plaintiff did not make a particular statement, it might, perhaps, have been admissible, if not a privileged communication. This disposes of the fourth assignment.

The sixth assignment refers to an attempt to show a talk between defendant and his architect, and the proof was clearly inadmissible.

The sixteenth, seventeenth, and eighteenth assignments relate to remarks made by counsel for plaintiff in his

argument. The first two remarks passed without excep-tion, and, while the third may have been unwarranted, it was immediately withdrawn. It was as follows, viz: "He sends to the slums down here, and gets his bond." The record does not show the connection, and, in view of the immediate withdrawal, we think the judgment should not be reversed for this cause.

The court refused to instruct the jury that "the only testimony offered by the plaintiff in regard to the making of the contract between the plaintiff and defendant is that of the plaintiff himself;" also, that "you are not author-ized to find, except upon clear and convincing proof," etc. This last was changed to "a fair preponderance of the proof." The court committed no error in refusing these requests.

Defendant's counsel requested the court to instruct the jury that—

"You are not to consider whether or not Montgomery owes Gilpin, or has paid him in full, on his contract. That is a matter immaterial to this issue."

We think it was a circumstance which might properly be considered, and that the court did not err in refusing to give the instruction requested. Nor did the court err in refusing to direct a verdict for the defendant.

The record in this cause contains nearly 200 pages, and apparently contains all the evidence. The only excuse that can be found for it is the fact that counsel for defendant claim that the proofs were insufficient to justify the submission to the jury. Eliminating this,—and we have already said that it was without merit,—and a few pages should suffice to raise the other questions. We find no error in the record.

The judgment, therefore, will be affirmed, with costs.

The other Justices concurred.