S. R. SHAMBAUGH v. CURRENT & SANDERSON *et. al.,* Appellants.

**Warranty:** ESTOPPEL TO RELY ON BOTH ORAL AND WRITTEN. Where a party does not rely on a written warranty but pleads that the writing was only a part of the contract and that verbal representations were made, he cannot complain that the court treated the language of a written contract for sale of cattle which spoke of them as "thoroughbred," as a mere description of the cattle rather than a warranty that they were thoroughbred. One who attempts to establish oral warranty is in no position to urge that there was a written warranty on the same subject.

**Action by Assignee:** MAKING ASSIGNOR PARTY: *Where needless.* The defendant, in an action on an account by the assignee thereof, cannot require the assignor to be made a party to the suit, as any defense against the assignor might be made against the assignee.

**Evidence:** EXCLUSION: *Harmless error.* Refusing to permit witnesses to say whether certain animals were thoroughbred, if neous, is not prejudicial, where the same witnesses gave their opinion on the matter in another form, to-wit, by stating that they were not "thoroughbred" and giving reasons for such an opinion.

SAME. Error in excluding evidence is harmless, where the fact sought to be established is proven by other evidence.

CROSS EXAMINATION: *Latitude.* Under a defense of breach of warranty as to pedigree of cattle sold which were registered in a certain herd book, a wide latitude is proper in the cross examination of defendant as to the authority of such herd book and similar matters, when defendants held official position in the cattle club which published the register, and one of counsel for defendant was its secretary, and when the particular cattle in issue were registered while said counsel owned them.

OPINION EVIDENCE: *As to legal responsibility.* In an action, by the assignee of a seller, for the price of cattle sold, where the defense is breach of warranty that they were thoroughbred, a question asked of defendant as to what the seller said in re-

gard to his responsibility for the calves bred of one of the cows sold is inadmissible for being an opinion as to legal responsibility.

**Instructions:** REPETITION NEEDLESS. The refusal of an instruction is not error when the instructions given correctly instruct the jury on the same point.

**Striking Part of Pleading:** HARMLESS ERROR. Striking out one of two divisions of an answer, each setting up a breach of warranty, if erroneous, is not prejudicial.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE, Judge.

SATURDAY, APRIL 14, 1900.

ACTION on account for the price of certain cattle sold by one Bohart to defendants. Plaintiff claims as the assignee of Bohart. The defenses were fraud and breach of warranty, the particulars of which will appear in the opinion, so far as necessary to convey an understanding of the points ruled upon. There was a trial to jury, verdict and judgment for plaintiff, and defendants appeal.—*Affirmed.*

*Hayes & Schuyler* and *Murray & Farr* for appellants.

*Ellis & Ellis* and *W. C. Gregory* for appellee.

WATERMAN, J.—The court took the issue of fraud from the jury for want of any evidence to establish it. We do not understand that serious complaint is made of this action, nor do we see how it could consistently be questioned, under the evidence.

II. A motion to strike certain portions of the answer was sustained, and error is assigned upon the ruling. The answer was quite lengthy and made up of different divisions, two of which, in varying terms, but with no substantial difference, set up the defense of breach of an oral warranty. One of these divisions was stricken on this motion, as redundant. If erroneous, this ruling was not prejudicial; for the matter thus eliminated all ap-

peared in the second division of the answer, which was permitted to stand. Defendants contend they had the right to plead the same defense as many times as they saw fit. We might concede this, but they had a right to prove it only once, and this they were given an opportunity to do under the answer as it was allowed to stand.

The motion to strike was sustained as to the sixth division of the answer, which claimed that the assignment of the account to plaintiff was not *bona fide,* and asked that Bohart be made a party to the suit. The claim sued on was non-negotiable, and any defense that could have been urged against Bohart was open to defendants as against plaintiff. Appellants confess that they can find no authority directly in point which sustains their contention. This, with the fact that there appears to be no good reason for requiring such action as here asked, is enough to justify the ruling of the trial court. A question quite similar in principle was passed upon by this court in *Kelly v. Insurance Co.,* 82 Iowa, 137. In that case the defendant claimed the policy of insurance upon which plaintiff sued had been assigned to another person, and asked that such third person be brought into the action. The trial court refused the request, and we approved its holding. *Vimont v. Railway Co.,* 64 Iowa, 513, cited by appellants, is against, rather than in support of, the claim made.

III. The warranty relied on consisted in the representation by Bohart that a part of the cattle sold were "thoroughbred" red polled cattle. To show its breach, a number of witnesses were called by defendants, and asked, in substance, to state whether the animals were "thoroughbred." Objections to these questions were sustained, and this, it is claimed, was error. If it was error, the rulings were without prejudice; for in each instance the witness gave his opinion in another form, to the effect that the animal asked about was not "thoroughbred." As an example, the witness Sanderson stated that

the progeny of pure bred, red polled cattle do not develop horns, or slugs, which are abortive horns, and that a calf of the cow Psyche, which was one of the cows sold, did develop such slugs. In a similar manner, each of the witnesses, to whom the questions were addressed which the court ruled out, expressed his opinon that the animal inquired about was not a "thoroughbred," and gave his reason for so thinking.

IV. The cattle sold as thoroughbred were registered in the herd book of the Red Polled Cattle Club of America, of which club J. C. Murray, one of counsel for defendants was secretary, and in which both of the defendants held official positions. Murray once owned the cattle in question. He sold them to Bohart. They were registered while Murray owned them. On cross-examination, defendant Current was asked a number of questions with relation to the herd book; its authority as to pedigree among dealers, and similar matters. These questions were all objected to and the objections overruled. In view of the facts stated, we think the court was justified in allowing a wide latitude in cross-examination. There was no error in the rulings.

V. This question, referring to Bohart, was asked of the defendant Current: "Did he say anything to you at that time, or was anything said, in regard to his responsibility for these calves, or whether there would be any difference as to the responsibility of the two? and, if so, state what he said or what was said in this regard." The calves spoken of were from the cow Psyche. If we understand this question, it seeks to get what Bohart said as to his legal responsibility,—a matter of pure opinion, and inadmissible. Evidence was introduced by defendants to the effect that plaintiff said that Bohart told him he had returned a bull calf called Cupidity to Murray & Gilfillan because it developed horns. Defendants then asked

the witness who made this statement, whether Cupidity was a calf of the cow Psyche. This question was ruled out. If the object was to show that Bohart had knowledge of the fact that some of Psyche's calves developed horns, and we can conceive of no other purpose, then this was accomplished, and by this witness, for he swore that he had shown two other calves of Psyche to Bohart, both of which had abortive horns. The instances given will show the character of the rulings of which complaint is made in the one hundred and sixty-seven errors assigned, most of which relate to matters of evidence. We cannot, without unduly lengthening this opinion, consider all these exceptions in detail. Indeed, while each is made the subject of some criticism, it can hardly be said that all are argued. The principles involved in those we have mentioned apply to all others. We have carefully examined each of them, and find no prejudicial error.

VI. The court refused to give an instruction asked by defendants, and this is made ground of exception. The instruction defined a warranty. There was no error in refusing it, for the charge as given correctly informed the jury on the subject. But the instructions given are also made the subject of criticism. There was a written contract of sale, in which the cattle or some of them were mentioned as "thoroughbred." The court held this word to be merely descriptive, and left the jury to find a warranty, if at all, in oral representations made. This is in line with the theory of defendants. They do not rely on a written warranty, but plead that the writing was only a part of the contract, and that verbal representations were made. Both an oral and written warranty could not be established. The former would be merged in the latter. *Davis v. Danforth,* 65 Iowa, 601; *Nichols v. Wyman,* 71 Iowa, 160. Recognizing this, the defendants pleaded an oral warranty made at the time of the sale, and in the testimony introduced they sought to establish it. No-

where in the evidence produced in their behalf is there an intimation that the written warranty was relied upon, though we may say, in order not to be misunderstood, that in one paragraph of their answer the written warranty is set up. It is manifest that this evidence as to an oral warranty was clearly inadmissible on any theory, save the word "thoroughbred" in the writing was merely descriptive of the animals sold and not an affirmation of quality. Under these circumstances, defendants have no right to complain that the trial court took from the jury the issue as to a warranty in the writing.

Defendants do not claim that the general principles of law as to warranty are not accuratey stated in the charge of the court, but they seem to insist that this case calls for the application of some special and peculiar rule. We do not discover any such requirement in the facts. There being no substantial error, the judgment will be AFFIRMED.