**Frank Kuchler, Appellee, v. Ezra H. Stafford, Appellant.**

### Gen. No. 18,967.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed February 17, 1914.

### Statement of the Case.

Action by Frank Kuchler against Ezra H. Stafford for personal injuries sustained as the result of being struck by an automobile owned by defendant while being driven by the latter's minor son. From a judgment in favor of plaintiff for one thousand two hundred and fifty dollars, defendant appeals.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, for appellant.

ALBERT C. WENBAN and GEORGE GILLETTE, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 2*—*what not contributory negligence on part of pedestrian.* Plaintiff while crossing a street in a northwesterly direction towards an alley observed an automobile approaching from the west. On reaching the east curb he noticed that the automobile was about to turn into the alley and instead of continuing his course in a northwesterly direction across the alley stepped to a point on the sidewalk near a fence on the property line about two and a half feet east of the alley curb, where he was struck by the machine and crushed against a post of the fence. *Held,* the fact that plaintiff could have avoided injury by stepping in another direction or by having continued in his original course did not render him guilty of contributory negligence.

2. NEGLIGENCE, § 75*—*when acts in emergencies not contributory negligence.* One confronted by sudden danger from a rapidly moving automobile is not guilty of contributory negligence because, in an effort to get out of the way, he acts contrary to what was expected of him by the driver.

3. APPEAL AND ERROR, § 1702*—*when special interrogatories conclusive.* A special interrogatory as to whether the plaintiff's contributory negligence contributed to the injury, answered in the negative, is conclusive on the question where not questioned in the written motion for a new trial, nor attacked in the assignment of errors.

4. AUTOMOBILES AND GARAGES, § 2*—*what constitutes negligence.* The driver of an automobile traveling at the rate of ten or twelve miles per hour is guilty of negligence in turning into an alley, across the sidewalk, without having his machine in control, so as to avoid striking persons passing along the street or crossing the alley.

5. AUTOMOBILES AND GARAGES, § 3*—*authority of son of owner.* The owner of an automobile cannot question the authority of his son to turn the management of the machine over to his younger brother, in whose charge it was at the time injury was inflicted upon a pedestrian, where the general issue was interposed, since the general issue admitted the ownership of the automobile and that the operator in charge of it was his servant.

6. TRIAL, § 276*—*when special interrogatories properly refused.* Interrogatories submitting merely evidentiary or probative facts, and not ultimate facts or facts from which the ultimate facts would necessarily result, are properly refused.

7. DAMAGES, § 129*—*when verdict not excessive.* As the result of being crushed against a fence post by an automobile plaintiff's right humerus was broken and his back injured. At the time of

the trial the fracture had healed, but his arm was not as strong as it was before the injury, and he was unable to do the work he was accustomed to doing. *Held* a verdict for one thousand two hundred and fifty dollars was not excessive.