DONKER *v.* POWERS.

1. EVIDENCE—ADMISSIONS BY SILENCE WHEN REPLY TO STATEMENTS CALLED FOR.

Statements made in the hearing of another in regard to facts affecting his rights, to which he makes no reply, are admissible against him as a tacit admission of the facts stated when made under circumstances which would naturally call for a reply if their truth were not intended to be admitted.[1]

2. SAME—WHETHER STATEMENTS MADE CALLED FOR REPLY JURY QUESTION.

In an action for injuries resulting in the death of plaintiff's decedent, a boy 14 years old, caused by a collision between defendant's automobile and a bicycle on which decedent was riding, whether defendant's failure to deny statements made by decedent, who was in the back seat of an automobile and suffering intensely, that defendant, who sat in the front seat, was responsible for the accident, were made under such circumstances as to call for a denial, was a question for the jury, and, therefore, said statements should have been admitted.[2]

3. APPEAL AND ERROR—EVIDENCE—HARMLESS ERROR.

Error of the trial court in refusing to admit statements of decedent made in the presence of defendant that the latter was responsible for an accident, to which he made no reply, *held*, not reversible, in view of the improbability of the jury attaching any importance to defendant's silence under the circumstances, and that said statements were merely cumulative.[3]

4. NEGLIGENCE—MOTOR VEHICLES—HIGHWAYS AND STREETS—EMERGENCY.

If the driver of an automobile was exercising due care when he was suddenly confronted by a bicyclist on the wrong side of the road, and, to avoid injuring him, turned to the left, when he struck plaintiff's decedent, whether

[1]Evidence, 22 C. J. § 356; [2]Id., 22 C. J. § 357; [3]Appeal and Error, 4 C. J. §§ 2986, 2994.

On rule admitting statements made in presence of party, and undenied by him, as affected by his mental or physical condition at the time, see note in 13 L. R. A. (N. S.) 349.

On emergency rule as applied to automobile drivers, see notes 6 A. L. R. 680; 27 A. L. R. 1197.

what he did was negligent, in view of the emergency presented, was for the jury.[4]

5. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTION — APPEAL AND ERROR.

> Although the language of an instruction was somewhat involved, where the rule applicable in determining whether either an automobile driver or a bicyclist was guilty of negligence under the circumstances of their collision was correctly stated to the jury, and they could not have misunderstood, the case will not be reversed therefor.[5]

6. SAME—RULE AS TO DUTY TO AVOID DANGER TO CHILDREN ON HIGHWAY NOT APPLICABLE.

> Refusal of an instruction relative to the duty of the driver of an automobile to exercise unusual care to avoid danger to children was not error where the record is convincing that the jury must have found that decedent and his brother were riding their bicycles on the wrong side of the road and a collision was inevitable.[6]

Error to Kent; Perkins (Willis B.), J. Submitted January 7, 1925. (Docket No. 31.) Decided April 3, 1925.

Case by John Donker, administrator of the estate of Martin Donker, deceased, against John E. Powers for the alleged negligent killing of plaintiff's decedent. Judgment for defendant. Plaintiff brings error. Affirmed.

*Jewell, Raymond & Face,* for appellant.

*J. T. & T. F. McAllister,* for appellee.

SHARPE, J.    Plaintiff's minor son sustained injuries from which he died in an accident resulting from a collision with an automobile driven by defendant on June 1, 1922.    He brings this action as administrator of the estate.    The jury found for the defendant.    The judgment entered thereon is reviewed by plaintiff by writ of error.

---

[4]Negligence, 29 Cyc. p. 635; [5]Id., 29 Cyc. p. 659; [6]Id., 29 Cyc. p. 646.

Plaintiff lived on a small farm on what is known as the Michigan road, a short distance east of the city of Grand Rapids. He had three children, Fred, aged 18, Alberta, aged 16, and Martin, aged 14. Near the hour of 8 o'clock in the evening the three took out their bicycles and started to ride towards the east along the Michigan road. Defendant was driving his automobile towards the west. A collision occurred. The bicycle Fred was riding was struck, but he jumped off and escaped without injury. That on which Martin was riding was also struck. He was thrown a considerable distance and sustained injuries from which he died the following day.

The only witnesses to the occurrence were Fred and Alberta and the defendant. Others who came upon the scene soon thereafter testified as to the then location of defendant's car, the tracks of the car and the bicycles, and the situation generally. It is the claim of the plaintiff that Alberta and Martin were riding on the right-hand side of the road (the south side), while Fred was on the other side and slightly in advance of them; that, when defendant's car struck Fred's bicycle, he swerved it suddenly to the left, towards the south, and it struck the wheel Martin was riding. The defendant claims that both Fred and Martin were riding on the north side of the road, and that the collision with Martin's wheel there occurred. There was testimony to support both claims, and they were fairly submitted to the jury.

The errors complained of will now be considered.

1. Soon after the collision a man named Tubbs came along in his car. Martin was placed therein. They drove to plaintiff's home, and he and his wife got into the car in the back seat with Martin, while defendant got in the front seat, and they started for the hospital. Plaintiff's counsel interrogated the father when a witness as to what Martin had said to his mother in answer to a question put by her as to how the accident

happened.    Error is assigned on the refusal of the court to permit an answer.    The record, however, discloses that Martin's answers, "He done it purposely," and the "sucker steered right into me," got before the jury and were not stricken out, notwithstanding the court held them inadmissible.    It is plaintiff's claim that he was entitled to prove what answers were made by Martin and, if the facts stated were not then denied by the defendant, his silence might be considered by the jury as an acquiescence and an implied admission of their truth.    Counsel rely on the rule stated in 1 R. C. L. pp. 478, 479, as follows:

"15. Silence as Importing Admissions.    Intimately connected with admissions that are implied by the acts or conduct of the party are admissions by silence or acquiescence.    If a statement is made in the hearing of another, in regard to facts affecting his rights, and he makes no reply, it may be a tacit admission of the facts stated; depending upon whether he hears and understands the statement, and comprehends its bearing, whether the truth of the facts embraced in the statement is within his own knowledge, whether the circumstances are such as to afford him an opportunity to act and speak freely, and *whether the statement is made under such circumstances and by such persons as naturally to call for a reply if he did not intend to admit it.*"    (The italics in the above quotation are ours.)

The rule as stated finds support in the many cases which appear in the note thereto.    This court has on several occasions held such evidence to be admissible.    *Atwood* v. *Cornwall*, 28 Mich. 336 (15 Am. Rep. 219); *Evans* v. *Montgomery*, 95 Mich. 497; *Matthews* v. *Forslund*, 112 Mich. 591.

The reason for the rule is well stated in *Wheat* v. *Croom*, 7 Ala. 349:

"This rule of evidence rests upon that universal principle of human conduct, which leads us to repel an unfounded imputation, or claim."

To make such a statement admissible, we think it must fairly appear that it was made under circumstances which would naturally call for a reply if its truth were not intended to be admitted.     The injured boy and his father and mother were in the back seat of the automobile.     He was lying on his mother's lap and suffering intensely.     The defendant sat in the front seat with the driver.     It does not appear that he spoke in a manner to be heard by the defendant.     Even if he had heard it, we think there are few persons who, under the circumstances then present, would feel called upon to turn and contradict the statement so made.     This would, of course, be for the jury to pass upon.     The gist of his complaint, however, was disclosed by the mother.     In view of the improbability of the jury attaching any importance to defendant's silence under the circumstances, and as his statement could but have been cumulative to the testimony of his brother and sister, we are impressed that the ruling made does not justify a reversal.

2. Error is assigned upon an extract of the charge relating to the duty of the defendant in case of an emergency.     Plaintiff had requested an instruction, in effect, that the rights of the plaintiff were in no way affected by any negligent act on the part of Fred; that even if he was riding on the wrong side of the road the defendant was not justified in turning to the left and "running down Martin Donker."     In substance, the jury was so instructed.     It is apparent that this instruction prompted what was said on the subject of an emergency, although it follows it in the charge.     At plaintiff's request, the court carefully defined negligence as applicable to the claims of the parties.     On the subject of emergency, he said (we quote at greater length than plaintiff's counsel in their brief) :

"On this subject of the emergency of the occasion

230—Mich.—16.

I instruct you that the law is that persons suddenly placed in a position of peril and impending danger are likely to do things which ordinarily might be acts of negligence.    But acts done in such extreme circumstances are not to be judged by ordinary rules and if an act has to be performed in a brief period, in an instant, with no time in which to determine the best course, neither negligence nor contributory negligence can be predicated upon that particular act.

"Where one is required to act suddenly and in the face of imminent danger, the law does not require him to exercise that same degree of care as if he had time for deliberation and the full exercise of his judgment and reasoning faculties.    And this is especially true where the peril has been caused by the fault of another. A person thus situated in an emergency will not be held guilty of either negligence or contributory negligence merely because he failed to exercise the care a prudent person would have exercised under these circumstances, or because he failed to exercise the best judgment or take every precaution which he might have taken, which, from a careful review of the circumstances, after the accident, it appears he might have taken and might have avoided the injury, and this applies to both a defendant in an emergency and the person injured in an emergency.    If such person in good faith acts as a person of ordinary prudence might have acted under the circumstances, he will not be guilty of either negligence or contributory negligence even though the act done is actually dangerous and results in injury in attempting to escape the dangers. But, such acts must be done suddenly and under impending danger."

While the language is a little involved, the jury could but have understood that in determining whether either the defendant or the deceased was guilty of negligence they must judge their conduct by the rule of ordinary prudence under the circumstances in which they were placed.    If the defendant was exercising due care and observing the requirements of the law, when suddenly confronted by the appearance of Fred on his bicycle, and to avoid injuring him he turned

to the left, it was for the jury to say whether what he did was negligent in view of the emergency presented. A reading of the entire charge satisfies us that the jury could but have so understood.

3. Complaint is made, and we think without merit, of the refusal of an instruction relative to the duty of the driver of a car to exercise unusual care to avoid danger to children. A careful reading of the record satisfies us that the determination of the jury rested on their finding that both of the boys were riding on the north side of the road and continued on their way until a collision with defendant's car was inevitable. They were fairly and fully instructed on all issues affecting this question, and we find no sufficient reason for disturbing the judgment entered on their verdict for defendant.

It is affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.