# CHARLESTON.

CLARENCE MUDD *v.* THE CLINE ICE CREAM COMPANY

(No. 5555)

Submitted February 2, 1926. Decided February 9, 1926.

1. FINDING IN PREVIOUS CASE HELD CONTROLLING.

  A *case* where the finding of this Court in *Sallie D. Cavender* v. *Cline Ice Cream Company*, decided contemporaneously herewith, is controlling. (p. 12.)

  (Courts, 15 C. J. § 306.)

2. APPEAL AND ERROR—*Where Questions of Fact Have Been Properly Submitted to Jury, Verdict Will Not Ordinarily be Disturbed on Appeal.*

  Where questions of fact have been properly submitted, and have been determined by the jury, which has seen and heard and observed the demeanor of the witnesses, we will not, ordinarily, disturb the verdict. (p. 14.)

LIVELY, JUDGE, absent.

  (Appeal and Error, 4 C. J. § 2834.)

  (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Kanawha County.

Action by Clarence Mudd against the Cline Ice Cream Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*R. G. Kelly* and *Morton, Mohler & Peters,* for plaintiff in error.

*Lively & Stambaugh,* for defendant in error.

WOODS, JUDGE:

The plaintiff, Clarence Mudd, in this action was the driver and owner of the automobile in which Sallie D. Cavender was a passenger and whose judgment in the circuit court of Kanawha county against the defendant for $6,500.00 damages for personal injuries alleged to have been the result of the negligence of defendant's servant, the driver of its automobile, was affirmed in this Court, as Case No. 5419. The defendant appeals here from a judgment for $1,250.00 awarded subsequently by said circuit court to this plaintiff for injuries to himself and car sustained in the same accident, by reason of the same acts of negligence on the part of defendant's servant.

As the evidence in the instant case is quite like that in the Cavender case against the defendant for her injuries, decided contemporaneously herewith, there is no occasion for again detailing it. However, there were one or two facts more fully developed here, that will be adverted to later.

The defendant in the instant case makes the following assignments of error: (1) It was error for the court to refuse to permit the defendant to prove by the witness Romey Harper the effect upon the Ford roadster of a collision with the Hupmobile sufficient in force to knock the Hupmobile out of the road. (2) It was error for the court on motion of the plaintiff to strike out the statement by the plaintiff himself that "the courtesy of the road tells you that the man next the bank should do the stopping." (3) It was error for the court to refuse to instruct the jury to find for the defendant. (4) It was error for the court to refuse to set aside the verdict of the jury herein and award the defendant a new trial of this action.

The first, third and fourth assignments were urged in the Cavender case and there held not to be error. The answer complained of in the second assignment was made in response to the following question of counsel for defendant on cross-examination of the plaintiff: "Why should he (driver of the Ford) stop any more than you should stop if the road was narrow?" The answer of the plaintiff merely stated a reason for his action. Counsel for defendant do not urge this point in their brief, and we do not see that its exclusion operates to their client's prejudice.

The basic controversial fact was whether the Ford came in contact with and struck the plaintiff's car. The witnesses for the plaintiff and for the defendant were in direct conflict on this point. The evidence on this question in the Cavender case is here augmented by the following testimony: J. E. Schoolcraft, who lived 311 yards from the place where the cars met, testified to the effect that the "men were scuffling in that automobile when they passed my house and it was making about all the time a Ford could make." This action on the part of the occupants caused witness to go to the upper end of his porch and get up on the banister and watch the car go out of sight. A few seconds later he heard the sound of "two cars striking". The collision occurred on Saturday afternoon, and on the following Monday morning, Frank Ferguson, the salesman and agent of the defendant, and who was one of the occupants of its car at the time of the collision, called on Mrs. Adams, one of the occupants of the Mudd car, at her residence. On being told by Mrs. Adams that the car in which he (Ferguson) was riding had struck the plaintiff's car and knocked it over the hill, Ferguson did not then deny this to be the fact. Later in the same day on talking over the accident with Mudd, the plaintiff, he asked: "Do you think we hit you?" to which question Mudd responded: "I don't think it; I know it." To this Ferguson replied: "If we hit you it was awful easy." This latter evidence has significant force in light of the doctrine that statements made in the presence of another to which the latter does not reply are admissible against him as silent admissions when the statements are made under circumstances naturally calling for

reply, if their truth is not intended to be admitted. 1 Rul. Cas. L., 478, 479; *Atwood* v. *Cornwall,* 28 Mich. 336; *Donker* v. *Powers,* (Mich.) 202 N. W. 989. The reason for the rule is well stated in *Wheat* v. *Croom,* 7 Ala. 349: "This rule of evidence rests upon that universal principle of human conduct which leads us to repel an unfounded imputation, or claim."

Upon a careful examination of the record we have found no physical facts so conclusively established as to preclude the jury's finding in this case. A new trial on the ground of newly discovered evidence was not urged here, though the record here contains the affidavit of John W. Sparkes, for that purpose, detailing an alleged conversation with Mrs. Cavender conflicting with her sworn statement on the trial of her case. Combating this, the affidavit of Mrs. Cavender, and counter affidavits of three persons who were present in her room at the hospital all the time Sparkes was there, and during which time the conflicting statement was said to have been made by her, denying the statement attributed to her, are found in the record here.

The defendant's case here was fairly and fully submitted to the jury by proper instructions covering every phase of its defense. No instructions were given for the plaintiff. We held in the Cavender case that the questions of negligence and contributory negligence were proper for jury determination. We apply the same principle here. Where questions of fact have been properly submitted and have been determined by the jury, which has seen and heard and observed the demeanor of the witnesses, we will not, ordinarily, disturb the verdict.

*Affirmed.*