MARTIN C. HANDLON, Appellee, v. ELMER HENSHAW, Appellant.

OCTOBER 16, 1928.

*Sloan & Sloan* and *Newbold & Newbold,* for appellant.

*McBeth & Stong* and *J. C. Calhoun,* for appellee.

DE GRAFF, J.—The instant action is predicated on the negligence of the driver of a motor vehicle, known as a Ford car, by reason of the pleaded facts (1) that the driver (appellant) was driving on the left or wrong side of the street; (2) that he "cut the corner" of the intersection of the streets in question; and (3) that no signal or warning was given to the plaintiff of the approach of said car. The geography of the case is as follows: Walnut Street in the town of Farmington is an east and west street. Front Street in said town intersects Walnut Street at right angles. The accident occurred on Front Street at a point about 20 or 25 feet south of the intersection, and east of the center line of Front Street. The defendant, as alleged in the petition, was driving on the left and wrong side of Walnut Street, and turned south, cutting the corner of the intersection, and while on the left-hand and wrong side of the Front Street, struck the plaintiff, causing serious injury to him.

It must be conceded that, if the defendant had continued directly west, he would have passed north of the line of plaintiff's position some 15 or 20 feet, and had the defendant continued directly west upon leaving Walnut Street until he passed the center of the intersection on Front Street before turning south, no collision would have occurred. The defendant himself testified that the path on Walnut Street on which he drove is south of the center of the highway; that he was traveling on a line about 20 feet north of where the plaintiff was standing; that he continued down the well beaten path onto Front Street, and that, had he continued directly west, he would have gone north of plaintiff 15 or 20 feet; that he would have missed him if he had gone to the west side of Front Street and turned south, "if he hadn't moved in front of me;" that the plaintiff was never in the west half of Front Street, and that he did not strike him on the west side of the center of the street.

The facts disclose, and the jury could have found, that the place of the accident was about 15 feet from the water plug at the corner of Walnut and Front Streets; that the accident occurred about 7:15 A. M.; that there was no obstruction in the street; that the plaintiff, when struck, was about 10 feet out in Front Street; that, immediately before the accident, the plaintiff had started west and a little bit south in Front Street

when the right-hand side of the defendant's car struck him; that he tried to throw himself out of range of the car, but was run over; and that the plaintiff observed the car on Walnut Street when it was 50 or 60 feet from him—"maybe more."

I. It cannot be held, as a matter of law in every case, that an auto driver is absolved from giving a signal on approaching a pedestrian on a highway on the theory that the pedestrian saw the vehicle immediately prior to the collision. *Walmer-Roberts v. Hennessey,* 191 Iowa 86. The appellant admits that he gave no signal, and that he saw the plaintiff standing near the hydrant and a little south of the street intersection.

It is quite apparent that the plaintiff was compelled, under the circumstances, to act suddenly. He realized, just before he was struck, that he was in imminent danger, and undoubtedly was somewhat confused. Under such conditions, the law does not require a person to exercise that degree of care that a person must exercise when there is time for deliberation. See *Walterick v. Hamilton,* 179 Iowa 607; *Donker v. Powers,* 230 Mich. 237 (202 N. W. 989); *Kuchler v. Stafford,* 185 Ill. App. 199, quoted with approval in *Brody v. Dickie,* 100 Conn. 189 (122 Atl. 908); *Thomas v. Pennsylvania R. Co.,* 275 Pa. St. 579 (119 Atl. 717).

In any event, under the facts of the instant case, a jury question was presented both as to the alleged negligence of the defendant and the contributory negligence of the plaintiff. We discover no reason to disturb the findings of the triers of the facts in these particulars. The appellant's motion for a new trial on the ground of the insufficiency of the evidence was correctly ruled.

II. At this point it may be said that many of the appellant's assignments of error are too indefinite and non-specific, under our rule. For example: That the court erred (1) in admitting evidence offered by plaintiff on trial, over the objection of defendant; (2) in refusing testimony offered by defendant on the trial; (3) in limiting the extent and purpose of evidence offered by defendant on the trial; and (4) in limiting the purpose and extent of admissions of plaintiff relative to the cause of the accident. The urge of incompetency on appeal cannot be made when such objection was not made when the evidence was offered. *Fisher v. Bolton,* 148 Iowa 651; *Bothwell v.*

*Farwell*, 74 Iowa 324. It is also true that no error is involved in excluding evidence when the fact sought to be established is proven by other evidence. *Shambaugh v. Current & Sanderson*, 111 Iowa 121.

III. In argument, appellant stresses the proposition that the trial court should have permitted, on cross-examination of the plaintiff, certain statements which it is claimed he made at or after the accident, in the nature of admissions as to his being blameworthy for the accident. The fact of negligence on the part of either the plaintiff or the defendant was an ultimate question for the jury to determine. The trial court did permit the plaintiff, on cross-examination, to answer, over objection, whether or not plaintiff said to certain witnesses that he (plaintiff) got confused as the auto approached him, and thought the driver was going one way, and that he (plaintiff) jumped backwards and into the car. To this the plaintiff made answer that he did not remember making such a statement. Another question involved a statement to another witness that, at the time, he (plaintiff) became confused, and jumped backwards and forwards until he ran into defendant's automobile. An objection was overruled, and plaintiff answered: "No, sir."

In the instant case, despite the sustaining of certain objections by the plaintiff to certain testimony involving claimed admissions made by the plaintiff relative to how the accident happened, and as to conversations with the plaintiff relative to the accident, the record discloses that the testimony sought to be elicited went to the jury. To illustrate: The defendant's witness Willets testified with respect to his conversation with the plaintiff about the accident:

"I asked him how he got hit, and he said he was down at Horace Dibble's, and he [plaintiff] had started to get his cow, and he heard a car coming, and he dodged, I guess; then he went to dodge again, and turned in the direction of the car, and his leg was struck by the wheel."

Defendant's witness Hunt, in his testimony pertinent to the same matter, stated that the plaintiff said "he didn't blame Mr. Henshaw [defendant]." To the same effect is the testimony of defendant's witnesses Lamphere, Burnard, Cartnal, and

Rider. We are inclined to believe that the trial court, in the first instance, was too strict in its rulings on the admissions of the plaintiff sought to be introduced by the defendant; but, in the light of the entire record, the error is nonprejudicial.

IV. Lastly, the appellant complains that the court erred in refusing to give certain requested instructions, and also erred in the giving of certain instructions. It is sufficient to state that the instructions in question have been read, with the exceptions taken, and we discover no reversible error therein. The verdict of the jury in the sum of $1,000 is in no sense excessive. The accident happened June 8, 1923. Plaintiff was taken to the hospital at Keokuk, and after fighting infection for five weeks, it was necessary on July 10th to amputate his right leg. He was in the hospital for a total of seven weeks, and then was confined to his home for nearly a year, finally going to Chicago, to secure an artificial limb. It would appear that the jury permitted the plaintiff to recover approximately his actual expenses. The judgment entered is—*Affirmed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.