NATHAN HAMMER *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, October Term, 1919.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CURTIS, Js.

A plaintiff who suddenly turns from the right-hand side of the road, upon which he has been traveling, to the left-hand side, to avoid a collision seemingly imminent, is not necessarily negligent nor guilty of a violation of the law of the road; and therefore an instruction to the jury which permits them to find such negligence or violation merely because of such conduct, irrespective of the conditions which prompted it, is inadequate and prejudicial to the cause of a losing plaintiff.

Argued October 8th—decided December 22d, 1919.

ACTION to recover damages for injuries to the plaintiff's person and to his automobile through a collision with a street-railway car of the defendant, which was alleged to have been caused by the negligence of its servants, brought to the Superior Court in Hartford County and tried to the jury before *Case, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Jacob Schwolsky* and *Henry J. Marks,* for the appellant (plaintiff).

*Seth W. Baldwin,* for the appellee (defendant).

CURTIS, J.   The plaintiff's reasons of appeal relate entirely to the adequacy of certain portions of the charge of the court in dealing with the facts which the parties had offered evidence in support of, and claimed to have proved.

The claims of the parties as to the evidence, disclose that a paved State highway runs north and south in East Hartford from Glastonbury to Hartford, and that west of the paved traveled roadway the trolley-tracks of the defendant railway run parallel to the traveled roadway; that the trolley-tracks are not paved for travel, and in general are used exclusively by trolley-cars.

The plaintiff's automobile, between the hours of ten and eleven in the evening, when on said trolley-tracks, was struck by a trolley-car of the defendant.

The plaintiff claimed to have proved that the collision injured his person and his automobile, and that it was caused by the negligence of the defendant's motorman, without negligence on his, the plaintiff's, part contributing to cause the collision and injuries.

The plaintiff claimed to have proved that at the time in question he was driving his automobile northerly on the east side of the paved roadway running from Glastonbury to Hartford, and at the same time one Rankin was driving an automobile southerly on the east side of the roadway at a reckless rate of speed, and the plaintiff, in order to avoid a head-on collision, suddenly turned his automobile to the left toward the middle of the roadway and his automobile was then struck by Rankin's automobile and thrown upon the trolley-tracks of the defendant.

The defendant claimed to have proved, on the contrary, that Rankin was driving southerly on the west side of the paved roadway, and the plaintiff was driving northerly on the west side of the roadway and collided

with Rankin's automobile and ran out to the left onto the trolley-tracks.

Under these claims as to the facts proved by the parties, it became necessary for the jury to determine whether or not the plaintiff's automobile was thrown upon the trolley-tracks through the plaintiff's negligence.

The court charged the jury as follows, and not otherwise, in regard to these facts claimed to have been proved by the parties:—

"Now, there is a contingency also to be considered here, which the defendant insists is disclosed by the evidence, and that is this: the defendant claims that the evidence shows either that the plaintiff was traveling north on the west, or to him, the left, side of the highway, or that he suddenly turned to his left when Rankin's car approached. Of course, if the plaintiff did either of these things, he was violating one of the elementary rules of the road, known to all intelligent users of the highway and respected by all prudent travelers. If the collision with Rankin was due directly to such conduct of the plaintiff, then its result, the throwing of his own car on to the railroad track, is chargeable to his own negligence." The charge does not deal directly with the circumstances which the plaintiff claims accompanied the collision. The plaintiff claimed to have proved that he was on the east side of the paved roadway and was confronted by a head-on collision with Rankin's car running recklessly on the east side of the roadway, and that the plaintiff turned suddenly to the left to avoid a collision. The jury were left with such guidance only as to this claimed situation, as is contained in the portion of the charge given above, where it is stated, in substance, that if the plaintiff suddenly turned to the left when Rankin's automobile approached, he was

violating a rule of the road and was guilty of negligence.

If the jury found that the plaintiff was driving his automobile north on the east side of the roadway, and that Rankin was driving an automobile south at a reckless rate of speed on the east side of the roadway, directly toward the plaintiff's automobile, and that the plaintiff in order to avoid a head-on collision suddenly turned his automobile to the left, and while the plaintiff was so doing Rankin's automobile struck the rear of the plaintiff's automobile and threw it on the tracks, then the jury might reasonably have found that the plaintiff was free from negligence in turning suddenly to the left to avoid a collision.

We are of the opinion that the charge gave an inadequate and prejudicial direction as to this feature of the case, and that the plaintiff's third claim of error is well taken.

In view of the conflicting claims of the parties as to the circumstances under which the plaintiff's automobile got upon the trolley-tracks, the portions of the charge of the court set up in the first, second, fourth, fifth, eighth and ninth claims of error, are correct and adequate directions to the jury in relation to the claimed facts. These claimed errors dealing with directions as to facts, are not of general interest and call for no discussion. The sixth and seventh claimed errors were abandoned in argument.

There is error and a new trial is ordered.

In this opinion the other judges concurred.