SARAH KRAMER, RESPONDENT, v. PINCUS LEHRHOFF, APPELLANT.

Submitted July 5, 1923—Decided November 7, 1923.

1. A landlord is under the absolute duty of using reasonable care to keep the common passages and stairways of demised premises in a safe condition for the use of his tenants, particularly after he has notice of an obvious defect therein.
2. Where the facts as to the negligence of the landlord and the contributing negligence of a tenant are in dispute the questions of negligence are for the jury.

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the respondent, *Benjamin M. Weinberg.*

For the appellant, *William Greenfield.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff sustained a fractured leg by falling down stairs in the tenement-house wherein she resided, at No. 78-80 Prince street, in Newark. Several families occupied apartments in the house, and the dark stairs upon which the plaintiff fell was in common use by the various tenants, as the only means of ingress and egress to and from their respective apartments.

It was in evidence that the plaintiff's skirt caught in a nail on the step of the stairs where the iron nosing had broken off, leaving nails sticking out. There was testimony that the step was thus left in a rather dilapidated condition for some months prior to this accident, and that the defendant had exepress notice of the condition, but ignored it.

In this situation we have all the factual elements which impose liability upon a landlord, under the adjudications in

this court and the Court of Errors and Appeals. *Gillvon* v. *Reilly*, 50 *N. J. L.* 26; *Siggins* v. *McGill*, 72 *Id.* 263; *Charney* v. *Cohen*, 94 *Id.* 381; *Schnatterer* v. *Bamberger*, 81 *Id.* 558.

The contention urged by defendant that the plaintiff assumed the risks of using a stairway which she must have known from continued usage to have been dangerous contains three obvious legal illusions which would prevent its acceptance, as a logical solution of the plaintiff's difficulty. The first is a failure to observe that the law in such a situation imposes the absolute duty of exercising due care upon the landlord, particularly after he has had notice of an obvious defect in the common passages and stairways. The second is based upon the theory that the landlord may assume a *laissez faire* attitude, and sleep, and speculate in perfect security, upon the contributory risks his tenants incur *ex necessitate* in the use of the leased premises; and the third and final assumption is based upon the theory that the tenant rather than use the stairs, and assume the risk, may confine herself *ex necessitate* to her apartments, in comforting meditation upon the benignant solicitude of the landlord, and the unequal distribution of the joys and privations of human existence. Thus one of the tenants testified that he heard his wife, about two months before the accident, tell the landlord, "Why don't you fix the stairs? You see people fall down!" and he said, "Let them fall. Let them all get killed!" My wife says, "I won't pay the rent before you fix it," and he said, "You will pay."

In all the cases cited by the appellant upon this subject there is conspicuously lacking this element of complacent platonic restfulness and watchful waiting of the landlord for the inevitable to happen, as an essential part of the *quid pro quo.*

The facts, of course, were in controversy, and the question of fact presented by testimony of this character, involving negligence and contributory negligence, under the well-settled rule of law was properly left to the jury. *Charney* v. *Cohen*, *supra*.

Our examination of the requests to charge satisfies us that in substance they were effectually charged; and our examination of the charge leads us to conclude that it comprehends a correct statement of the law upon the issue involved.

The judgment will therefore be affirmed.