No. 3606

Second Circuit

PRUETT v. BRANTLEY

(March 24, 1930. Opinion and Decree.)
(April 10, 1930. Rehearing Refused.)

Goff & Barnette, of Arcadia, attorneys for plaintiff, appellant.

J. Rush Wimberly, of Arcadia, and George Wallace, of Winnfield, attorneys for defendant, appellee.

ODOM, J. This is a damage suit growing out of an automobile collision. Lem Hays was driving his Ford roadster south along a graveled highway, with plaintiff on the seat with him. He met defendant, who was driving a Ford touring car, going north, about three miles south of Arcadia. The two cars collided and plaintiff was injured by having his leg broken just below the thigh. Plaintiff alleged that the collision was due to defendant's negligence in driving on the wrong side of the road. Defendant, in bar, pleaded negligence on the part of both Hays, the driver of the car in which plaintiff was riding, and on the part of plaintiff also. Defendant alleged that he was driving on his right-hand side of the road and that just before the cars met, the Hays car suddenly turned to its left across the road in front of him. Plaintiff's demands were rejected and he appealed.

There is no dispute between the parties on one point, and that is that the Hays car, in which plaintiff was riding, did turn to its left across the road in front of defendant's car, and that the front end of defendant's car struck the right side of the Hays car; nor is it disputed that the Hays car was on its right-hand side of the road just before the collision. Hays and Pruett both assert that it was, and Mr. McKethan, an occupant of defendant's car, says it was, and no one denies it. But the other material points are seriously contested.

Plaintiff had only two witnesses to the collision. Hays, the driver, and Pruett, the plaintiff, who was in the Hays car. Hays testified, and his testimony is corroborated by that of Pruett, that when he saw defendant's car approaching, it was on its wrong side of the road, or on plaintiff's side; that he assumed that the driver of the approaching car would get over on his side, but that no move was made to do so, and that when he saw that the approaching car would not get out of his pathway, he applied his brakes in an attempt to stop, and that when he did so, his car skidded to the left, angling across the road, which threw the right-hand side of his car in the path of the other one. He says he did not apply the brakes sooner because he thought the other car would yield his right to that side, and that he did not check his speed for the same reason.

Defendant says, and his testimony is corroborated, that Pruett stated after the collision that he "grabbed" the wheel and

turned the car to the left. Pruett says he did nothing of the kind and denies that he ever said so.

In defendant's car, there were three who testified, defendant, Mr. McKethan, who was on the seat with him, and defendant's daughter, Mrs. Hiser, who was on the back seat. Defendant says he was driving "near the center of the road," or a little east of the center, towards his side. Mr. McKethan says that both cars were on their proper sides, but "about the center when they actually collided." Mrs. Hiser testified that defendant's car was running in the center of the road and refused to say whether nearer one side or the other. She said she didn't know. Referring again to Mr. McKethan's testimony, we note that he said that each car was on its side of the road, but he also said that they were in the center of the road when they collided.

If defendant was driving on his right-hand side, the question naturally arises, why was it in the center of the road when the collision took place? Neither the driver nor any one else explains that. Considering the testimony of these three witnesses, it is clear that defendant was not over on his side of the road.

Now, plaintiff and Hays both say that defendant's car was not in the center, but entirely over on its left-hand side or on plaintiff's side. That, we hold, is true. In addition to other testimony, the physical facts show it. The cars moved but slightly, if at all, after the collision, and when they came to rest, they were both over on the west or plaintiff's side of the road. Pruett and Hays both said so; but, if they had been the only ones, there might be room for doubt as they are both interested. But three colored men, Lewis Underwood, Will Kobb, and Claude Underwood, disinterested witnesses, appeared upon the scene a few moments after the accident, before the cars had been appreciably moved. Each said both cars were over on that side, not over three feet from the edge of the road. They were in a car going north, to Arcadia, and drove by the injured cars on their right-hand side. One other car, possibly two, passed going north and went around on that side, and one going south did the same. This is admitted by defendant's witnesses. It is suggested, but not proved, that these passing cars went outside of the road.

Defendant and his witnesses admit that the cars were over on the west or plaintiff's side of the road when these other cars passed, but they say that they pulled the cars apart and in doing so rolled defendant's car back angling southwest across the road. But the testimony shows that neither was materially moved until after the colored men got there and after the other cars had passed. In addition to this, the defendant made some very damaging admissions after the accident as to the cause of the collision. He told Hays, so Hays says, that he would pay the damage to his car—that he was at fault. Defendant told Mr. Perret and Mr. Cathey that he was at fault in that he was driving on the wrong side of the road. He told Mr. McGuire he "guessed" he was at fault. He told Mr. Taylor Bittle that plaintiff was not at fault. These last four witnesses are disinterested and some of them, at least, neighbors, and all of them apparently friendly to defendant.

Taking all the testimony together, the conclusion that defendant was driving on the wrong side of the road, and that his negligence in so doing was the sole cause of the collision, is inescapable.

In their pleadings, each party charges the other with negligence in exceeding the

speed limit of 25 miles an hour. There is no proof of that. Hays says he was driving about 25 miles an hour and defendant and his witnesses say that defendant was going 18 or 20 miles. Mr. McKethan was asked if Hays was driving fast or slow and he said: "I would say a moderate rate of speed."

Defendant says the lights from the Hays car blinded him. But it is evident that the bright lights did not cause him to get on the wrong side of the road. Defendant was rounding a left-hand curve in the road while plaintiff was on a short stretch of straight road approaching the curve. Plaintiff's lights could not have blinded defendant for more than a moment or two. In fact, defendant said on cross-examination that "lights blinded me when they turned across the road and when they were out of my face I was right against it." Defendant, as stated, was going north around a curve to the left. Instead of remaining on his right-hand side of the road on the outside of the curve, he swerved to the left or inside of it, and when he got to the point where the road straightened, he met plaintiff's car.

It is the law of the road in the United States and the well-settled jurisprudence in this state that one driving on a highway must turn to the right on meeting another vehicle coming from the opposite direction, and that his failure to do so constitutes negligence, unless, under the conditions, such move would be dangerous to himself or other inhabitants of the road. Potter vs. Glassell, 146 La. 687, 83 So. 898; Schick vs. Jenevein, 145 La. 333, 82 So. 360; Goodson vs. Schuster's Wholesale Produce Company, Inc., 10 La. App. 486, 120 So. 689; 13 R. C. L. 286-288; Bragdon vs. Kellogg, 118 Me. 42, 105 A. 433, 6 A. L. R. 669.

The testimony shows that the graveled portion of the public road where the collision took place is 24 feet wide, and that the shoulder from the gravel to the edge is about one and one-half feet on each side, and further, that there is no deep ditch on the right-hand side going north. There were no other cars there at the time, no obstructions on defendant's side. There was, therefore, no reason why defendant should not have turned to the right.

Defendant contends that the prime cause of the collision was the turning of plaintiff's car to the left angling across the road. Hays, the driver of the car in which plaintiff was riding, was driving as close to the right-hand side of the road as he could with safety. He saw defendant's car approaching from the opposite direction on the wrong side. He first assumed, as he had a right to do, that defendant would turn to his own side. When it became evident that he would not do so, he says he applied his brakes, which caused his car to skid to the left. There was no negligence in that. Plaintiff was not driving at a reckless rate of speed, but was reasonably careful. He was on his side of the road and assumed that defendant would obey the law of the road and move to his own side. Having his car under reasonable control, it was not plaintiff's duty to apply the brakes sooner than he did.

But counsel contend that plaintiff, who was by the driver's side, interfered—took the wheel and swerved the car to the left. Plaintiff denies that he interfered. But, assuming that he did what defendant says he did, he was guilty of no negligence. Plaintiff's being on the wrong side of the road created an emergency. If the Hays car had gone straight ahead, there would have been a head-on collision; if it had

been turned to the right, it would have gone off the road, with probable danger.

"One compelled to turn to the left and wrong side of a road to avoid a collision, because of another person's violation of the law of the road, is not negligent." Potter vs. Glassell, Goodson vs. Schuster's Wholesale Produce Co., supra; Hammer vs. Connecticut Company, 94 Conn. 127, 108 A. 534; Saylor vs. Taylor, 42 Cal. App. 474, 183 P. 843; McFern vs. Gardner, 121 Mo. App. 1, 97 S. W. 972; Columbia Taxicab Co. vs. Roemmich (Mo. App.) 208 S. W. 859; Cyclopedia of Automobile Law (1927), Blashfield, Vol. 1, pages 415-16.

Defendant is clearly liable under the law and the evidence.

## ON THE QUANTUM OF DAMAGE

Plaintiff's leg was broken just below the hip. He was in a sanitarium for three weeks and the leg was in a plaster cast for eight weeks. After the plaster was removed, he went on crutches for several months, during which time he could no no work. He is a farmer, but had been working at odd times in a store, and during the school term drove a school truck. He re-'sumed his work as truck driver, but suffers some inconvenience in performing farm labor. His medical and hosiptal fees amounted to $327. For his injuries and loss of time, we think an award of $2,250 will do substantial justice between the parties.

It is therefore ordered that the judgment appealed from be reversed; and it is now ordered, adjudged and decreed that plaintiff, Herschel W. Pruett, do have judgment against defendant, Joseph B. Brantley, for, and recover from him, the sum of $2,577, with interest from judicial demand until paid, and all costs in both courts.