PHILIP DOLE *vs.* ISRAEL LUBLIN.
SUMNER A. DOLE *vs.* ISRAEL LUBLIN.

First Judicial District, Hartford, January Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued January 6th—decided March 3d, 1931.

*Edward S. Pomeranz,* with whom, on the brief, was *S. Polk Waskowitz,* for the appellants (plaintiffs).

*Ralph O. Wells,* for the appellee (defendant).

HAINES, J. The single ground of appeal is the action of the trial court in setting aside the verdicts given to the plaintiffs by the jury. The court's memorandum shows that the ground upon which this action was taken was the view that the jury could not reasonably

and properly have found otherwise than that the cause of the accident was the negligence of the plaintiff's driver and that the defendant's driver was not negligent.

From the evidence the jury could reasonably have found that the plaintiff in the first mentioned case is a son of the plaintiff in the second case, and was then a boy about eight years of age. He was riding in his father's car, driven by his father's agent, and going westerly toward Hartford on the road from Coventry, while the defendant's car was being driven by his daughter and was proceeding in the opposite direction. It was about eight-thirty in the forenoon of February 22d, 1930, and there was a heavy fog which restricted visibility to about thirty feet, and many cars had their headlights in operation. The plaintiff's car was proceeding about twenty miles per hour on its extreme right or north side of the road and near the roadway fence which the driver kept in view as a guide to his location on the road, and the windshield wiper was in operation, keeping that portion of the glass clear in front of the driver. Suddenly, directly in the path of his own automobile and about thirty feet away, the driver perceived the headlights of the defendant's car, which had to that moment been invisible because of the fog. His speed of twenty miles per hour was at the rate of twenty-nine and one third feet per second, and with the defendant's car coming toward him, the plaintiff's driver therefore had, at the most, less than a second of time to avoid a head-on collision. The plaintiff's driver was clearly faced with a sudden emergency caused solely by the defendant's driver. The fence and a ditch at his right rendered it impracticable to turn in that direction, and he therefore turned sharply to his left in an attempt to avert a collision. Almost at the same moment, the defendant's car was turned to

its right and, thus approaching each other obliquely, the two cars crossed the twenty-foot roadway and were in collision on the south edge and shoulder of the road. Although the testimony of the plaintiff's and defendant's witnesses differ in some important respects regarding these details, there is direct testimony which the jury was entitled to believe, that the facts were as above outlined, and in deciding upon the validity of the verdict, we are required to consider the evidence in its most favorable aspect in support of the conclusion of the jury. It is true there was evidence that the plaintiff's car, with the brake equipment with which it was supplied, could have been brought to a stop within ten feet, but even if the plaintiff's driver had attempted to do this, it seems almost certain that a collision would nevertheless have been inevitable under the circumstances recited. The jury would have been clearly justified, therefore, in concluding that the plaintiff's driver acted as a reasonably careful and prudent driver would have acted under the circumstances confronting him; but even if turning to his left was a mistake of judgment, it does not follow that the plaintiff's driver was guilty of negligence. The legal standard of care is unvarying and rested on both drivers alike at all times—that of the care of a reasonably prudent driver under all the circumstances, but the measure or degree of care required of each, is to be determined by the circumstances and is a question of fact for the jury. *Heimer* v. *Salisbury,* 108 Conn. 180, 183, 142 Atl. 749. One who is put in a perilous position by the negligence of another cannot be regarded as guilty of contributory negligence if he take such steps to protect himself as a reasonably prudent person might take, even though he might have avoided the injury by the use of better judgment and by taking another course than the one he adopted. *Hammer* v. *Connecticut Co.,*

94 Conn. 127, 108 Atl. 534; Huddy on Automobiles (5th Ed.) p. 494; *Brodie* v. *Dickie,* 100 Conn. 189, 122 Atl. 908. In either aspect of the matter, therefore, we feel the jury was amply justified, upon the evidence before us, in holding the plaintiff's driver free from negligence.

Counsel for the defendant contend that the defendant's driver, in proceeding upon her left side of the road, was where she had a legal right to be, citing *Hawley* v. *Yellow Cab Co.,* 107 Conn. 709, 710, 142 Atl. 397: "There is no statutory provision requiring an automobile to travel at all times upon the right side of the highway and, except in certain situations for which provision is expressly made, and subject to the obligation of its driver to use due care, it may proceed upon any portion of the highway." It is urged that when the headlights were seen by the plaintiff's driver it became his duty to turn to his right and give half the traveled way to the defendant's driver. Public Acts of 1929, Chap. 297, § 26. This contention is untenable for several reasons. The right to drive on the left side of the highway was conditioned upon noninterference with machines coming from the other direction and in proper use of that side of the highway. It was also conditioned upon due and reasonable care, and such care cannot be found where there is but thirty feet of visibility and the driver proceeds without any warning to other cars which may be aproaching on that side of the road. Berry on Automobiles (6th Ed.) § 268. By thus proceeding negligently, the defendant's driver caused the sudden emergency which resulted in the collision and injuries. The statutory provision requiring a driver to turn to the right when meeting another machine and give half the traveled way is conditioned upon the practicability of that course: He must "seasonably turn to the right so as to give half of the trav-

eled portion of said highway, *if practicable.*" Public Acts of 1929, Chap. 297, § 26. We do not lightly regard the action of a trial court in setting aside the verdict of a jury; on the contrary, such action is entitled to great weight, and we have therefore set out somewhat at length the basis of our nonconcurrence in the present case. We cannot avoid the conclusion that these verdicts were justified upon the record evidence.

There is error and the cause is remanded with direction to the Superior Court to enter judgments upon the verdicts.

In this opinion the other judges concurred.