NELLIE BURK *vs.* MADDALENA CORRADO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 8th—decided April 18th, 1933.

*Jacob Schwolsky,* for the appellant (plaintiff).

No appearance for the appellee (defendant).

HAINES, J. From the finding of the court, with such changes therein as the draft-finding and its supporting evidence justifies, the following facts appear: The defendant is the owner of a three-story, six-family tenement house in Hartford, having common halls and stairways under her control. On November 22d, 1930, at about six p. m., the plaintiff, who was sixty years of age, entered the building to call upon a person who, as she was informed, lived upon the top floor. It was then dark outside and the lights were lighted in the streets. There was a small electric light bulb in the ceiling of the vestibule which was lighted, but cast such a dim light that it illuminated only the lower part of the first flight of stairs, leaving the upper half very dark. The plaintiff ascended the first flight of stairs holding onto the banister with her right hand, and turned the corner to her right. There was a dim light in the ceiling at the further end of the hall at the foot of the second flight of stairs, but this did not light up any portion of the hall near the top of the first flight. At that point it was very dark, and as the plaintiff turned the corner at the top of the stairs she could find her way only by feeling with her hands, and reached the foot of the second flight holding onto the railing until she came to the newel post. She ascended in the same way to the third floor, and then, upon finding that the person she sought did not live there, she retraced her steps, slowly descended the stairs to the second floor, holding to the banister with her left hand, and at the foot of the stairs holding onto the newel post, and then proceeded along the hallway toward the head of the first flight of stairs, feeling her way by holding to the banister with her left hand until she reached the newel post at the top of the stairs leading to the first floor. She knew that this newel post was there, and that there was a banister extend-

ing down from it, because she had grasped them on her way up. As she turned the corner to descend the stairs, she took her left hand off the newel post, reached for the banister, touched it, and was just grasping it when she put her foot forward, missed her footing, and fell the length of the stairs.

The trial court found that the defendant was negligent in failing to provide sufficient light at the point of the accident, but that the plaintiff's negligent conduct materially contributed to her injuries, and was a proximate cause of them. The sole question upon this appeal is whether the trial court was justified in thus finding that the conduct of the plaintiff, under the circumstances outlined above, amounted to contributory negligence. Such a finding, tested by the applicable rules of law recognized in this State, would necessarily have rested upon the very narrow ground that the plaintiff, in the exercise of reasonable care under all the circumstances, should not have put her foot forward until she had actually taken a firm hold upon the banister, instead of doing so just as she was grasping it. On the other hand, a conclusion that the plaintiff was not guilty of contributory negligence would certainly have been entirely reasonable. These considerations have led us to inquire as to the basis upon which the trial court reached the conclusion it did. Even though it be regarded solely as one of fact, it should not stand if "the court can see from the record that in drawing such inference the trier imposed some duty upon the parties which the law did not impose, or absolved them from some duty which the law required of them under the circumstances, or in some other respect violated some rule or principle of law." *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 257, 21 Atl. 675. To determine what standard the trial court did apply, we may properly consult the

memorandum of decision. *Valluzzo* v. *Valluzzo*, 104 Conn. 152, 156, 132 Atl. 406; *Rowell* v. *Stamford Street Ry. Co.*, 64 Conn. 380, 30 Atl. 131. From that memorandum it becomes clear that the court held her conduct not to be that of a reasonably prudent person, for the reason, and that alone, that she omitted to apply for a light or other guidance, and the case of *Gleason* v. *Boehm*, 58 N. J. L. 473, 34 Atl. 886, decided in 1896, is cited in support of that ruling. That case does appear to so hold, but it is apparent that that is not now the law of that State, as shown by the later cases of *Pesin* v. *Jugovich* (1913) 85 N. J. L. 256, 88 Atl. 1101, and *Kramer* v. *Lehrhoff* (1923) 99 N. J. L. 47, 122 Atl. 540. In the latter case, where a tenant, without obtaining a light, used a stairway which the landlord had failed to light as required by law, and it was claimed that the tenant assumed the risk, the court said that that was a "legal illusion" based "upon the theory that the landlord may assume a *laissez faire* attitude, and sleep, and speculate in perfect security, upon the contributory risks his tenants incur *ex necessitate* in the use of the leased premises" and that "the tenant rather than use the stairs, and assume the risk, may confine herself *ex necessitate* to her apartments, in comforting meditation upon the benignant solicitude of the landlord, and the unequal distribution of the joys and privations of human existence." Not only is it not now the law in New Jersey that one rightfully using a dark stairway which it is the duty of the owner to light, is required to obtain a light or other guidance at his peril, but this extraordinary care is not and never was required in this State. *Werebeychick* v. *Morris Land & Development Co.*, 108 Conn. 226, 142 Atl. 739; *Skladzien* v. *Sutherland Building & Construction Co.*, 101 Conn. 340, 125 Atl. 614; *Carlson* v. *Associated Realty Corporation*, 114 Conn. 699,

159 Atl. 885. Granting that the present plaintiff could have protected herself by obtaining a light or other guidance, it does not follow that she was guilty of contributory negligence in failing to do so. One who is put in a perilous position by the negligence of another, cannot be regarded as guilty of contributory negligence if he takes such steps to protect himself as a reasonably prudent person would take, even though he might have avoided the injury by the use of better judgment and by taking a course other than the one he adopted. *Dole* v. *Lublin,* 112 Conn. 603, 605, 153 Atl. 856; *Brody* v. *Dickie,* 100 Conn. 189, 192, 122 Atl. 908; *Hammer* v *Connecticut Co.,* 94 Conn. 127, 130, 108 Atl. 534.

We are satisfied that the trial court applied a wrong principle of law in reaching its conclusion that the plaintiff was guilty of contributory negligence and therefore the decision cannot stand.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.