ALBERT BOWEN *vs.* HARTFORD ACCIDENT AND INDEMNITY COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued March 4th—decided April 7th, 1937.

*Bertrand E. Spencer* and *James M. Kelly*, for the appellant (plaintiff).

*Robert L. Halloran*, for the appellee (defendant).

BANKS, J. Plaintiff was injured while riding as a guest in the defendant's car operated by its agent, O'Brien. He can recover only upon proof that his injuries were caused by the reckless misconduct of O'Brien, while in the course of his employment, within the provisions of the guest statute, General Statutes, § 1628. The trial court set aside the verdict upon the ground that the jury could not reasonably have found either that O'Brien was in the course of his employ-

ment at the time of the accident, or that he was guilty of reckless misconduct.

The jury might reasonably have found the following facts: O'Brien was a special agent of the defendant whose duty it was to visit local insurance agents within his territory. On the day in question he left the defendant's office in Bridgeport at about 8.30 in the morning and made calls in Bethel, Danbury, Litchfield, New Canaan and Norwalk. About 5 o'clock in the afternoon he met the plaintiff in South Norwalk. They had dinner together, later went to a tavern where each had two glasses of beer, after that went to church, and started to drive to Bridgeport at about 11 o'clock. It was a rainy night and the windows of the car were closed. They stopped at an inn in Westport and each had a drink. Shortly after they left Westport the plaintiff fell asleep. At Fairfield O'Brien turned off the Post Road into Kings Highway and while proceeding along that road the car suddenly left it and crashed into a telephone pole. After the accident O'Brien told a police officer that he had fallen asleep. He testified that he did not know how the accident happened, and that he told the officer that he must have fallen asleep or gotten faint because he could think of no other reason for the accident. He had had his usual amount of sleep the night before, had not driven any further that day than he was accustomed to drive, was not fatigued and had not felt drowsy or sleepy.

The complaint alleged that the driver of defendant's car was guilty of reckless misconduct in that he permitted himself to go to sleep while driving the car. The jury were entitled to draw the conclusion from O'Brien's testimony and his statement to the police officer that the accident was caused by his dozing off while he was driving the car. The question remains

whether, upon the evidence, they could reasonably reach the conclusion that he was guilty of reckless misconduct within the intent and meaning of the guest statute. Whether or not the conduct of the operator of a car constitutes heedless and reckless disregard of the rights of others will ordinarily be a question of fact for the jury whose verdict, based on conflicting evidence, will not be disturbed unless reasoning minds could not reasonably have reached such conclusion. *Coner* v. *Chittenden,* 116 Conn. 78, 81, 82, 163 Atl. 472. We have, however, uniformly held that, when the operator was guilty of no more than momentary thoughtlessness or inadvertance, the jury could not reasonably find that such conduct evinced a reckless disregard of the rights of others. Since the passage of the guest statute our decisions have consistently recognized the distinction between such cases and those where the evidence justifies a finding of a course of conduct persisted in notwithstanding warning and knowledge of the danger involved. *Riordan* v. *Gouin,* 119 Conn. 235, 237, 238, 175 Atl. 686, and cases there cited.

In *Potz* v. *Williams,* 113 Conn. 278, 155 Atl. 211, we held that the jury could reasonably have reached the conclusion that the defendant, who dozed off while driving, was guilty of reckless misconduct. The defendant testified that he had been driving alone all day long, that he was pretty tired and was yawning a good deal, that he had dozed off once when he was some distance from Hartford where the accident happened, but that he continued on thinking that he could make Hartford before he fell asleep. We said that whether, in a particular case, the operation of an automobile upon the highway by one who is or should be aware of the likelihood that sleep would overtake him can reasonably be held to constitute reckless mis-

conduct must depend upon the circumstances, and especially upon the extent to which the driver realizes or ought to realize that likelihood. We held that the jury could reasonably have found that it was reckless misconduct for the defendant to proceed as he did when he should have been aware of the likelihood of his falling asleep. *Freedman* v. *Hurwitz,* 116 Conn. 283, 164 Atl. 647, was also a case where the defendant continued to operate his car when he knew or should have known that there was a likelihood of his falling asleep. He had driven two hundred and ninety-five miles, having had no sleep the night before, and shortly before the accident had told his wife that he was tired and was afraid he would go to sleep, and that if he did she was to tickle or pinch him. In *Ryan* v. *Scanlon,* 117 Conn. 428, 168 Atl. 17, the accident happened in Massachusetts, and we held that the jury could reasonably have found the defendant guilty of gross negligence under the Massachusetts decisions because of his continued operation of his car when he knew or should have known that sleep was likely to overtake him. Each of these cases falls within the class of cases where the evidence justifies a finding of a course of conduct persisted in notwithstanding warning and knowledge of the danger involved. In each there was evidence that the driver of the car had warning of his condition but persisted in driving in spite of his knowledge that sleep was likely to overtake him.

In the present case there was no evidence that the driver of the car was tired or sleepy or that he had any warning that sleep was likely to overtake him. His own evidence, which was uncontradicted, was that he was not tired and had not felt drowsy. There was nothing in the evidence to indicate an indifference to the consequences of the driver's conduct, or a reckless

disregard of the rights of others such as might have been found if he had deliberately assumed the risk of continuing to operate the car after he realized or should have realized that sleep was likely to overtake him. The trial court did not err in setting aside the verdict upon the ground that the jury could not reasonably have found O'Brien guilty of reckless misconduct. It is unnecessary to consider whether the evidence was sufficient to justify a finding that at the time of the accident O'Brien was operating the car in the course of his employment.

There is no error.

In this opinion the other judges concurred.