JOSEPH F. GILMARTIN *vs.* D. & N. TRANSPORTATION
COMPANY ET ALS.

NELLIE M. EAGAN *vs.* D. & N. TRANSPORTATION COM-
PANY ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued May 12th—decided July 1st, 1937.

*Jacob Schwolsky* and *John W. Joy,* for the appellants (plaintiffs).

*Philip R. Shiff,* for the appellants (named defendant et al.).

*Joseph F. Berry,* for the appellee (defendant Mary A. Malloy).

HINMAN, J. The plaintiffs were gratuitous passengers in an automobile owned and operated by the defendant Mary A. Malloy, which while traveling northerly on the Berlin Turnpike in Berlin, at about 1.30 a. m. on September 13th, 1935, was in collision with a truck of the defendant Transportation Company driven by the defendant William Corey, traveling southerly. The plaintiffs sustained personal injuries for which they seek to recover damages.

The defendants Transportation Company and Corey offered evidence and claimed to have proved that when the latter—the driver of the truck—first saw the Malloy car come over the brow of a hill about three hundred feet away it was on its own (right) side of the road but soon afterward swerved over onto its left side and proceeded there toward the truck; that thereupon the truck driver slowed down speed and flashed the headlights up and down to attract the attention of the driver of the Malloy car to the fact that it was on the wrong side of the road but the latter continued on that side until it was within twenty-five to thirty feet of the truck; that it appeared to the truck driver that he could not turn to his right enough to pass the car, owing to a bank on that side of the road, and that the only way he could avoid a head-on collision was to turn to his left, which he did; that the Malloy car then turned to its right, and the left front of it collided with the right front of the truck, the impact occurring to the west (the Malloy car's left) of the center of the highway. The defendant Malloy claimed that her car was on her right side of the road.

In the charge the trial court, referring to these

claims of proof, instructed the jury as follows: "They [the Transportation Company and Corey] claim that, because of the manner of approach of the Malloy car, the only reasonably apparent way to avoid the collision was to turn to the left, which they did. Now, the so-called rule of the road statute provides that where vehicles approach one another from opposite directions upon a public highway 'the operator of each car shall reduce its speed, when reasonable care shall require, and seasonably turn to the right so as to give half of the traveled portion of the highway, if practicable, and a fair and equal opportunity to the person so met to pass.' This statute requires each operator to seasonably turn to the right, which means to turn in reasonable time to avoid collision. There is no law, for instance, against driving in the center of the road except in certain specified places, but when other vehicles approach them the driver has to get on his own side or own half of the traveled portion of the road, exclusive of the shoulders, in reasonable time; that is, as the ordinary prudent person would in like circumstances. The claim of the defendants, the Transportation Company and their driver, is that Miss Malloy failed to do this, but approached them on their side of the road and did not seasonably turn and that in an attempt to avoid collision they, at the last moment, turned to the left, but, in spite of it, collided. . . . Assuming it is true, for the purpose of showing you the application of the law, while one confronted with a sudden emergency not of his own creation is not necessarily negligent in not doing what he might reasonably have done after due deliberation, and his conduct is tested by that of the ordinary prudent man confronted by such an emergency, yet he may not violate a statute in so doing without being guilty of negligence. So in the instant case, so with these defend-

ants, if their operator turned to the left of the center of the highway, they were negligent" and, the charge continued, such violation of the statutory rule of the road would render them liable if it "was a substantial factor in causing the collision."

This charge is assigned as error by the appellants Transportation Company and Corey. It appears from the memorandum of decision that the rule applied thereby was regarded as largely determinative of these defendants' motion to set aside the verdicts, denial of which is also assigned as error. Its correctness is decisive of their appeal.

The situation presented by these defendants' claims of proof resembles that involved in *Dole* v. *Lublin*, 112 Conn. 603, 153 Atl. 856, except that there contributory negligence of the plaintiff was in question instead of, as here, negligence of defendants. It was held that the jury could reasonably have found that the plaintiff's car was traveling on its extreme right of the highway when suddenly, directly in its path and about thirty feet away, the driver perceived the headlights of the defendant's car, theretofore invisible on account of a dense fog. "The plaintiff's driver was clearly faced with a sudden emergency caused solely by the defendant's driver." A fence and ditch at plaintiff's right rendered it impracticable to turn in that direction and he therefore turned sharply to his left in an attempt to avert a collision. Almost at the same instant the defendant's car was turned to its right and, "thus approaching each other obliquely," the cars collided on the plaintiff's left side of the highway. The turning to the left by the plaintiff violated the same statutory rule as would the defendant's driver, here, in so doing. In that case it was contended on behalf of the defendant that, notwithstanding the intervention of emergency, such violation constituted negligence (390

Supreme Court Records & Briefs, p. 511). We held, however (p. 606), citing *Hammer* v. *Connecticut Co.*, 94 Conn. 127, 108 Atl. 534, that the jury were justified in holding the plaintiff's driver free from negligence. In *Hammer* v. *Connecticut Co.*, supra, the plaintiff claimed to have proved that while driving on his right side of the highway he was confronted by imminence of a head-on collision with another car, running in the opposite direction on the same side, and that he turned suddenly to the left to avoid a collision. It was held (p. 130) that if the jury so found they might reasonably find the plaintiff free from negligence and that a charge in substance that if the plaintiff turned to the left, violating a rule of the road (the same one involved in the present case, then in § 1568 of the General Statutes, 1918) he was guilty of negligence, was erroneous.

The trial court in the memorandum of decision recognizes that the effect of these decisions was, as above indicated, that turning to the left of the center line in an emergency does not necessarily constitute negligence, but construes subsequent cases as holding to the contrary; it also construes the qualification "if practicable" attached to the provision (in § 1639 (a) of the General Statutes) quoted in the portion of the charge above set forth requiring the operator of a car to "reduce its speed when reasonable care shall require and seasonably turn to the right so as to give half of the traveled portion of the highway, if practicable, and a fair and equal opportunity to the person so met to pass" as referring "to the condition of the highway itself, an obstruction or condition in it that makes travel over it impracticable." In our view this qualification need not and should not be so narrowly construed as to be restricted to the physical condition of the highway itself but may be regarded as applying,

also, at least to situations created by the person met, as by invasion by the latter of the operator's right side of the road, of itself or in conjunction with other circumstances—as, for example, the fence and ditch in *Dole* v. *Lublin,* supra—rendering compliance with the statutory direction impracticable. An act is practicable if conditions and circumstances are such as to permit its performance or to render it feasible. To be "feasible" is to be capable of being successfully done or accomplished. *Wilcox* v. *Supreme Council Royal Arcanum,* 123 N. Y. Sup. 83, 86; *Rizer* v. *People,* 18 Colo. App. 40, 43, 69 Pac. 315; *Streeter* v. *Streeter,* 43 Ill. 155, 165; *Beech Fork Coal Co.* v. *Pocahontas Corporation,* 109 W. Va. 39, 47, 152 S. E. 785.

The cases subsequent to *Dole* v. *Lublin,* to which the trial court referred, reiterated and emphasized the principles declared and given effect in *Murphy* v. *Way,* 107 Conn. 633, 638, 141 Atl. 858—that the purpose of statutory rules of the road is to afford plain and positive directions as to what each person shall do and may expect of others, that the definite standards and requirements thereby set up may not be subjected to exceptions based upon the judgment of the individual user of the highways or to suit his whim or convenience, and that violation thereof will constitute negligence. *Andrew* v. *White Bus Line Corp.,* 115 Conn. 464, 466, 161 Atl. 792; *Gross* v. *Boston, W. & N. Y. St. Ry. Co.,* 117 Conn. 589, 596, 169 Atl. 613; *Gonchar* v. *Kelson,* 114 Conn. 262, 264, 158 Atl. 545; *Sagor* v. *Joseph Burnett Co.,* 122 Conn. 447, 190 Atl. 258. None of these cases, however, involved a rule of the road to which the qualification of practicability attached, as in *Dole* v. *Lublin* and in the present case, and we find in them nothing which impairs the applicability of the holding in the former case to an analogous factual situation. It follows that the charge as

to the consequences of the conduct of the defendant operator, instead of being unqualifiedly that if he failed to so turn to the right as to give the Malloy car half of the traveled portion of the highway but instead, in an emergency, turned to his left he was negligent, should have been made subject to the qualification that if the jury found, as the defendants claimed, that such a situation was created by presence of the Malloy car on the defendants' right-hand side of the road and the proximity and nature of the adjacent bank as rendered compliance with this rule of the road impracticable, they might find the defendants free from negligence. *Dole* v. *Lublin,* supra, p. 606. As applied to the factual situation as claimed by these defendants, the charge given might well have been vitally prejudicial and of itself requires a new trial as to them.

Particularly when tested by the findings, as they must be, rather than by the allegations of the complaint or the evidence, to which the appellants resort in argument, the instructions given as to contributory negligence on the part of the plaintiffs were accurate and a sufficient compliance with these defendants' requests to charge on that subject.

The defendant Malloy, called as a witness for the plaintiffs, testified that when she first saw the lights of the truck she was traveling in the center of the road, with her left wheels to the left of the center line, but as she approached the truck she kept turning to the right, the truck turned to its left, and the collision occurred on her right side of the road. For the purpose of contradicting this testimony, the defendants Transportation Company and Corey offered in evidence a certified copy of a record of the Town Court of Berlin showing that the defendant Malloy had pleaded guilty to a charge of "violation of rules of the road, failure to grant right of way." Exclusion of this

proffer is assigned as error. The rules of the road statute (General Statutes, Cum. Sup. 1935, § 636c) prescribes several rules violation of any one of which would fall within the general description of "failure to grant right of way." The jury could not determine, from the record offered, to which particular one of these the defendant Malloy had pleaded guilty, at least without collateral inquiry upon which the court was justified in declining to embark. *Zenuk* v. *Johnson,* 114 Conn. 383, 388, 158 Atl. 910; *Grasso* v. *Frattolillo,* 111 Conn. 209, 213, 149 Atl. 838.

Upon the plaintiffs' appeals, error is assigned in the refusal to set aside the verdicts in favor of the defendant Malloy and in the charge in certain respects. As to the verdicts, the record discloses ample evidence which, if believed by the jury, would acquit this defendant of that heedlessness or reckless disregard of the rights of others which it was incumbent upon the plaintiffs to establish in order to render this defendant liable to them as guests. The testimony of the respective plaintiffs as well as that of this defendant and other witnesses falls short of showing such conduct in the operation of the car, and there is no testimony that it was such as to elicit any warnings or cautionary suggestions, or cause apprehension on the part of the passengers. While the jury reasonably could have found that this defendant was tired, because of overwork and other prior activities, and even that she momentarily fell asleep immediately before the collision, there was no such evidence as to make it incumbent upon them to find that she knew or reasonably should have known that there was danger of her being overcome by sleep—as would be necessary to render her guilty of such reckless misconduct as would make her liable to guests in her car. *Potz* v. *Williams,* 113 Conn. 278, 281, 155 Atl. 211; *Freedman* v. *Hurwitz,* 116

Conn. 283, 285, 164 Atl. 647; *Bowen* v. *Hartford Accident & Indemnity Co.*, 122 Conn. 621, 191 Atl. 530.

The gist of the allegations of each complaint, as against the defendant Malloy, was that, owing to her physical and mental condition, she lost control of her automobile causing it to sway and swerve and collide with the truck of the other defendants. In the charge it was noted that on the trial both plaintiffs had testified, inconsistently with these allegations, that the car was being driven properly before the collision, but other testimony was cited to the effect that it had swerved onto its wrong side of the road, and we construe this portion of the charge as correctly leaving it to the jury to determine which was the fact as to this phase of the case. *Kanopka* v. *Kanopka,* 113 Conn. 30, 39, 154 Atl. 144. The jury could not reasonably have understood therefrom, as the plaintiffs contend, that the testimony of the plaintiffs was conclusive upon and against them as far as this defendant was concerned, but only that the conflict between their pleadings and their testimony might be considered in arriving at a conclusion which was not to be determined from their testimony alone but from all of the relevant evidence in the case. *Kanopka* v. *Kanopka,* supra.

The defendant Malloy admitted that she had drunk two glasses of beer during the evening. Instruction was given that if the jury found, as the plaintiffs claimed, that she was under the influence of intoxicating liquors at the time of the collision, they might consider the effect of that fact upon the general question of the collision and the negligence of the parties involved. This accorded to that element in the case all of the effect to which it was entitled under the circumstances. The complaint contained no direct or indirect allegation of driving while intoxicated, and no specific charge upon the subject of intoxication as

constituting, of itself, reckless misconduct, was called for by either the pleadings or the claims of proof.

There is no error on the plaintiffs' appeals. There is error on the appeals of the defendants Transportation Company and Corey and a new trial is ordered as to them, only, in each case.

In this opinion the other judges concurred.