ANNA HERMAN, administratrix *de bonis non, vs.* JULIUS SLADOFSKY.

Hampden.    September 22, 1938. — December 5, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory, Violation of law.

Evidence warranted a finding of negligence on the part of the operator of a heavily loaded truck who, while going down a hill on his own side of a road in snow and sleet without chains at a speed of twenty to twenty-five miles per hour, struck an automobile which was coming from the opposite direction partly on his side of the road ahead of him and which he did not see until he was twenty-five feet from it.

Evidence that an automobile was being operated uphill on a slippery road with worn tires and without chains at about twenty-seven miles an hour, and that it skidded to the wrong side of the road just before it was struck by a truck coming from the opposite direction, did not require a ruling as matter of law that the operator of the automobile was guilty of contributory negligence.

In an action here for personal injuries sustained in Connecticut, the defendant might rely on a violation by the plaintiff of a statute of Connecticut which, under the law of that State, commonly was conclusive of negligence, although he had not set up such defence specifically in his answer but had set up only contributory negligence of the plaintiff.

The mere fact that the plaintiff, in an action here for personal injuries sustained in a collision in Connecticut, was himself operating on the wrong side of the road in violation of a statute which by the law of

Connecticut commonly was conclusive of his negligence, did not under that law preclude maintenance of the action where there also was evidence that such violation of the statute was caused by skidding not due to fault on his part.

TORT. Writ in the Superior Court dated May 2, 1934.

The action was tried before *T. J. Hammond*, J. There was a verdict for the plaintiff in the sum of $2,000. The defendant alleged exceptions.

Section 5987 of the Gen. Sts. of Connecticut (1930) reads as follows: "Actions for injuries resulting in death; damages. In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, or whether caused by the negligence of the defendant or by his wilful, malicious or felonious act, such executor or administrator may recover from the party legally at fault for such injuries just damages not exceeding ten thousand dollars, provided no action shall be brought under this section but within one year from the neglect complained of or from the commission of such wilful, malicious or felonious act. All damages recovered under this section shall be distributed as directed in Section 4983."

A material portion of § 1639, as amended, as appearing in Cumulative Supplement of 1935, page 270, reads as follows in substance: "(a) Any person, when driving, operating or having the custody of a vehicle on the highway, who shall meet any person . . . driving . . . or operating a vehicle in the traveled portion of such highway, shall reduce its speed when reasonable care shall require and seasonably turn to the right so as to give half of the traveled portion of such highway, if practicable, and a fair and equal opportunity to the person so met to pass . . . ."

*J. A. Anderson, Jr.*, for the defendant.

*B. F. Evarts*, for the plaintiff.

QUA, J. This is an action for the death of the plaintiff's intestate, Nathan Herman, alleged to have been caused by negligence of one Kostor, a servant of the defendant, in driving a motor truck against an automobile driven by the deceased. The accident occurred on March 8, 1934, in

Newington in the State of Connecticut. The action is based upon § 5987 of the General Statutes of Connecticut (1930). *Jackson* v. *Anthony*, 282 Mass. 540, 545, and cases cited. The only exception is to the denial of a motion for a directed verdict for the defendant.

Kostor, within the scope of his employment, was driving south, and the deceased was driving north on a way known as "Eckert's Hill." There was evidence of these facts: The road was straight. It descended from north to south in a "pretty long and steep grade" for about three thousand feet. At the point of the accident the grade was two and one half per cent to three per cent. The roadway was twenty-nine and one half feet wide, including shoulders which could be used for travel. Snow and sleet were falling, and the road was slippery from ice and snow. Neither vehicle had chains. The five-ton truck was loaded with four tons of apples. It was proceeding down the grade on the west side of the road. As the Herman automobile, coming up the grade on the east side of the road, approached the truck, the automobile slipped toward the west, that is, toward its left. "There was one continuous slip," "a gradual slip toward the center of the road," until "about four to five feet" or "half the length" of the automobile was west of the center line. The forward half remained east of the center line. While the Herman automobile was still slipping in this position, its left side and rear came into contact with the left forward portion of the oncoming truck on the west side of the road. The deceased was thrown out and killed. After the collision the truck crossed to the east side of the road, broke a telegraph pole and part of a cable fence, went into the ditch and turned on its side. The automobile of the deceased also came to rest on the east side of the road facing north. The two vehicles stopped about one hundred twenty feet apart. There was further evidence that Kostor was driving at twenty to twenty-five miles an hour; that he first saw the automobile of the deceased when it was twenty-five feet from him; that after the impact he lost control of his truck "because it was sliding. You know how a loaded truck is . . . . It is hard

to control down, coming down a hill, so . . . [he] couldn't do anything but let it go."

Although there was other evidence tending to contradict some of the foregoing and to favor the defendant, taking into consideration the hill, the weight of the truck and its load, the speed of the truck as the jury could have found it upon all the evidence, the slippery condition of the road surface, the lack of chains, the failure sooner · to see the automobile of the deceased, the space which the jury could have found was still available for passing, the loss of control, and the force and effect of the collision, we think the judge could not rightly have ruled as matter of law that the accident was not caused by negligence of the defendant's driver. *Schuster* v. *Johnson,* 108 Conn. 704. *Deutsch* v. *LaBonne,* 111 Conn. 41. *Szabados* v. *Chatlos,* 119 Conn. 537, 541. *Spain* v. *Oikemus,* 278 Mass. 544. *Goyette* v. *Amor,* 294 Mass. 355.

The only evidence of the conduct of the deceased was that he was driving with worn tires and without chains up grade on his own side of a straight road at a speed "somewhat less" than twenty-seven miles an hour when he skidded to his left. The burden of proving contributory negligence was upon the defendant. G. L. (Ter. Ed.) c. 231, § 85. That statute relates to procedure and not to substantive rights. *Levy* v. *Steiger,* 233 Mass. 600. *Holland* v. *Boston & Maine Railroad,* 279 Mass. 342, 345. There is a similar statute in Connecticut. Public Acts of Connecticut, Cumulative Supplement, 1931, § 598a. The skidding alone is not even evidence of negligence. *Lambert* v. *Eastern Massachusetts Street Railway,* 240 Mass. 495, 499. See *James* v. *Von Schuckman,* 115 Conn. 490. Taking all the evidence together; there is nothing to support a ruling as matter of law that the deceased was guilty of contributory negligence in the ordinary sense. *White* v. *Ciriaco,* 105 Conn. 553. *James* v. *Von Schuckman,* 115 Conn. 490, 493. *Coates* v. *Bates,* 265 Mass. 444.

But the defendant contends that the plaintiff is barred from recovery as matter of law by reason of the failure of the deceased to turn seasonably to his right, so as to give

to Kostor "half of the traveled portion" of the way "if practicable, and a fair and equal opportunity" to pass, in violation of the first sentence of § 1639 of the General Statutes of Connecticut (1930), as amended, and as now appearing in the Cumulative Supplement for 1935, page 270. As the defendant did not set up in his answer violation of law by the deceased as a defence, he is entitled to have such violation considered only in its bearing upon contributory negligence, which the defendant did set up. *Conroy* v. *Mather*, 217 Mass. 91, 94, 95, 96. *MacDonald* v. *Boston Elevated Railway*, 262 Mass. 475. *Baggs* v. *Hirschfield*, 293 Mass. 1, 3. *MacInnis* v. *Morrissey*, 298 Mass. 505, 509. However, in Connecticut the doctrine of "negligence *per se*" prevails, and violation of a statute by either a plaintiff or a defendant is commonly conclusive of negligence on his part. *Sharkey* v. *Skilton*, 83 Conn. 503, 508. *DeAntonio* v. *New Haven Dairy Co.* 105 Conn. 663, 669. *Gross* v. *Boston, Worcester & New York Street Railway*, 117 Conn. 589, 594. *Frisbie* v. *Schinto*, 120 Conn. 412, 415. *England* v. *Watkins Brothers, Inc.* 122 Conn. 1, 6. *Sagor* v. *Joseph Burnett Co.* 122 Conn. 447. Compare *Wynn* v. *Sullivan*, 294 Mass. 562, 566. It is therefore open to the defendant to contend, as he does contend, that the plaintiff's intestate so violated the statute as to be guilty of contributory negligence *per se.*

If we assume that crossing to the left of the road, under the circumstances shown, was a violation of the statute and that it contributed to cause the accident, it does not follow that on the evidence in this case there was no question left for the jury. Even those jurisdictions which generally apply the doctrine of negligence *per se* seem to recognize an exception in cases where there is a merely technical violation of a traffic regulation which may, for the purposes of a civil case, be regarded as excused by peculiar emergencies or special conditions beyond the control of the driver by reason of which his violation may be found to have been without fault. Thus in *Kisling* v. *Thierman*, 214 Iowa, 911, 916, it is said that "By the term 'legal excuse' is meant: 1. Anything that would make it impossible to comply with

the statute or ordinance.    2. Anything over which the
driver has no control which places his car in a position
contrary to the provisions of the statute or ordinance.
3. Where the driver of the car is confronted by an emer-
gency not of his own making, and by reason thereof he fails
to obey the statute." Many cases are collected in Blash-
field, Cyclopedia of Automobile Law & Practice, Perma-
nent Edition, § 2682 *et seq.*, Huddy, Law of Automobiles,
9th ed., vol. 3–4, §§ 102–111.  In *Dohm* v. *R. N. Cardozo &
Brother*, 165 Minn. 193, 197, it is said, "One's presence on
the wrong side of the street is excused when without fault
on his part the machine skids across the center line." That
the law of Connecticut is in accord with this statement
seems implied in *DeAntonio* v. *New Haven Dairy Co.* 105
Conn. 663, where the court says, on pages 668–669, "Fail-
ure to keep to the right when, *through no fault of the driver*
an automobile skids on a slippery pavement and is thus
thrown across the road, has been held to excuse failure to
comply with the statute. . . . But if such skidding results
from negligent acts or omissions of the driver, he is not
absolved from the consequences of breach of the rule al-
though it is not deliberate or intentional." And in *Gian-
carlo* v. *Karabanowski*, 124 Conn. 223, 226, the Supreme
Court of Errors held, "In this case the fact that the defend-
ants' car was out of control of its driver when it crossed the
center line of the street, in consequence of a collision which
occurred without his fault, and therefore that the crossing
was involuntary on his part, would prevent the application
of the statute," citing *DeAntonio* v. *New Haven Dairy Co.*
105 Conn. 663, 668.  See *Hammer* v. *Connecticut Co.* 94
Conn. 127; *Hensen* v. *Connecticut Co.* 98 Conn. 71, 77;
*Dole* v. *Lublin,* 112 Conn. 603, 606; *O'Bannon* v. *Schultz,*
117 Conn. 619, 623; *Gilmartin* v. *D. & N. Transportation
Co.* 123 Conn. 127, 133.

Using our best judgment in the application of rules of
law which differ from our own, we are of the opinion that
if, as the jury might have found, the plaintiff's intestate
skidded without fault on his part, the law of Connecticut
interposes no bar to recovery, and that the defendant's

motion for a directed verdict could not properly have been granted.

We need not discuss the rule of "last clear chance" which also prevails in Connecticut (*Middletown Trust Co.* v. *Armour & Co.* 122 Conn. 615), as we think that the plaintiff may hold her verdict without resort to that doctrine.

*Exceptions overruled.*