BENJAMIN DANEHY ET AL. *v.* EDITH METZ

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued October 7—decided November 3, 1953

*Louis Feinmark,* with whom was *Irving Smirnoff,* for the appellant (defendant).

*David M. Reilly,* with whom was *John J. Sullivan, Jr.,* for the appellees (plaintiffs).

BALDWIN, J. This action arises out of an automobile collision occurring on Jones Hill Road in West Haven at 3 o'clock in the afternoon of August 5, 1950. Jones Hill Road is forty feet wide and runs in a general easterly and westerly direction. The plaintiff Benjamin Danehy was driving his automobile in an easterly direction with the plaintiff Helen Danehy, his wife, as a passenger. The defendant was proceeding west. The two cars collided in the general area of the middle of the highway, and injuries to the persons of the plaintiffs and to the car resulted, for which they brought suit. The defendant filed a counterclaim against Benjamin. The jury returned verdicts for the plaintiffs on their complaint and for Benjamin on the counterclaim. The court denied the defendant's motion to set aside the verdicts. The defendant has appealed from the judgment rendered on the verdicts. Practice Book § 377.

The single error assigned by the defendant is directed against the court's instructions concerning the respective rights and duties of the drivers of

vehicles approaching each other and about to pass on the open highway. The charge complained of must be considered in the light of the claims of proof of the parties. The plaintiffs' claims were as follows: When their automobile was 200 to 300 feet from the defendant's car, the drivers of both cars were proceeding upon their respective right sides of the middle of the highway which, at that point, was marked by an unbroken white line painted on the pavement. It was practicable for each driver to grant, to the other, half of the traveled portion of the highway and a fair and equal opportunity to proceed. When the two cars were forty feet from each other the defendant turned to the left, crossed the middle line of the road and collided with the plaintiffs' car. The plaintiff Benjamin, hereinafter called the plaintiff, turned his car to the left, in an effort to avoid a collision, when he saw the defendant's car coming across the middle line. The cars came together, however, south of the middle line and on the plaintiff's side of the road.

The defendant claimed to have proved the following facts: She saw the plaintiff's car coming from the west when it was a considerable distance away. It was then on its own side of the road. As it approached, it began to veer to its left and continued to do so until it came onto the northerly half of the highway and into the path of the defendant's car. Seeing this, she blew her horn twice to attract the plaintiff's attention, but to no avail. She then swung to her left, toward the middle of the road, which was the only practicable means of avoiding a collision. The plaintiff then tried to turn back to his right but the two cars collided in the middle of the roadway.

The court charged the jury upon § 2489 of the General Statutes, which provides that "[a]ny person,

when . . . operating . . . a vehicle on the highway, who shall meet any person . . . operating a vehicle in the traveled portion of such highway, shall . . . seasonably turn to the right so as to give half of the traveled portion of such highway, if practicable, and a fair and equal opportunity to the person so met to proceed." The court then called specific attention to the words "if practicable" and charged the jury that "there was nothing on the highway and no circumstance to prevent compliance with this statute." The defendant claims that this was error because it removed from the consideration of the jury any question as to the practicability of the defendant's continuing on her own side of the highway after the plaintiff had veered into her path and because it gave the jury no guidance as to the legal meaning of the words "if practicable."

There was no difference between the responsibility and obligation resting upon the plaintiff and that resting on the defendant as their cars approached each other. The law required both to exercise due care. *Deutsch* v. *LaBonne,* 111 Conn. 41, 44, 149 A. 244. Both were under a duty to observe the law. In most cases, the question of the practicability of a driver's keeping to his right of the middle of the highway is primarily one of fact for the jury under all the circumstances. *Mastorgi* v. *Valley View Farms, Inc.,* 138 Conn. 313, 316, 83 A.2d 919; *Gilmartin* v. *D. & N. Transportation Co.,* 123 Conn. 127, 132, 193 A. 726; *Dole* v. *Lublin,* 112 Conn. 603, 605, 153 A. 856. If we assume, without holding, that the particular charge complained of, standing alone, was erroneous, it is our duty, nevertheless, to consider the charge in its entirety. Maltbie, Conn. App. Proc., § 51. The test is whether the charge, as a whole, fairly presents the case to the jury so that no injus-

tice will result. *Antz* v. *Coppolo,* 137 Conn. 69, 72, 75 A.2d 36; Maltbie, op. cit., § 48.

The claims of proof in the instant case offer the typical situation of a driver, in this case both drivers, who is presented with a sudden emergency. If one is put in a perilous position created solely by the negligence of another, he cannot be held negligent if he takes such steps to protect himself as a reasonably prudent person might take under the same circumstances. That is true even though the injury might have been avoided by adopting another course. *Hammer* v. *Connecticut Co.,* 94 Conn. 127, 130, 108 A. 534; *Dole* v. *Lublin,* supra, 605; *Grantham* v. *Bulik,* 137 Conn. 640, 642, 80 A.2d 515; *Gilmartin* v. *D. & N. Transportation Co.,* supra, 132. The claim of the defendant was that she saw the plaintiff's car veering to its left of the middle of the road, that she sounded her horn but failed to attract the plaintiff's attention, and that she then swung to the left to avoid a collision. While she makes no claim upon the evidence as to the distance between the cars at the instant she turned to the left, the jury could have found upon evidence claimed by the plaintiffs that the cars were then very close. Whether she should turn to her left or continue on the right-hand side of the road was the choice given to her when she was confronted with a sudden emergency.

The court reviewed the claims of the parties as to why each driver turned to the left, pointed out the possibility of finding that a condition of peril was created by one or the other of the drivers and charged the jury as follows: "So that if you find that a condition of peril was created or brought about by the act of one or the other of the operators, and the operator did not help to create that perilous condition, then in that case the innocent driver would

not be negligent, even though he or she drove his or her automobile on the wrong side of the road, and even though he or she did any other act while in this position of danger and under ordinary circumstances, a reasonably prudent person would not have done." The court then charged that it was a question of fact for the jury to determine whether a condition of peril was created, and if they found that there was, then they were to apply the rule just stated. This express instruction must have removed from the minds of the jury any impression that the defendant was bound by the rules of the road to stay on her right side of the highway if the approach of the other car in her path created a condition of peril which made it impracticable for her to do so. It therefore obviated any possible error involved in the earlier part of the charge.

There is no error.

In this opinion the other judges concurred.